### ANDRESS v. THE STATE.

If a person, recognized to appear in the Circuit Court to answer a criminal charge, make default, and the recognizance be declared forfeited, a *scire facias* may issue against the cognizor without the entry of a judgment.

A *scire facias* on a recognizance not taken in a Court of record, should show by whom it was taken and filed, and that the person who took and filed it, was authorised to do so.

**ERROR** to the *Shelby* Circuit Court.

STEVENS, J.—Proceedings had by *scire facias* upon a recognizance. The allegations contained in the *scire facias* are these:

That on the 3d day of *January*, 1831, a recognizance was filed in the office of the clerk of the *Shelby* Circuit Court, stating, that on the 19th day of *October*, 1830, *Thomas A. Andress* and *John Andress* personally appeared before one *A. M. Smith*, who signs himself a justice of the peace of said county of *Shelby*, and severally acknowledged themselves to owe to the state of *Indiana*, the sum of 250 dollars each, to be levied, &c., conditioned that if *Thomas A. Andress* should personally appear at the next Circuit Court, to be holden for the said county on the first day of the term, then and there to answer a certain charge of larceny, &c., and abide the judgment of the Court, &c.; and that, afterwards, at a Circuit Court of the county, held in *March*, 1831, the said *Thomas* and *John* were severally called and defaulted for non-attendance, and the recognizance forfeited and made absolute. . These are all the substantial allegations the *scire facias* contains. The defendants filed two special pleas in bar, which were demurred to and the demurrers sustained, and final judgment rendered in favour of the state, that she have execution, &c.

Three points are made for our consideration:—1st, that the recognizance is not a judgment on which an execution can issue, and that when the recognizance was forfeited, a judgment should have first been rendered in favour of the state, &c., that she recover the amount named in the recognizance, &c., which was not done, and therefore the judgment and proceedings are erroneous. There is no error in this branch of the proceedings. A recognizance, when forfeited and made absolute, has all the force and effect of a judgment, and is defined by Blackstone to be an obligation of record, which a man enters into before some Court of record or magistrate duly authorised, with condition to do some particular act. It is witnessed only by the record, and not by the party's seal. It is allowed a priority in point of payment, and binds the lands of the cognizor. 4 Bl. Comm. 252. In 6 Bac. Abr. 104, and 108, it is said that a *scire facias* is a judicial writ founded on some matter of record, as a recognizance, &c.; and that a recognizance is considered as a judgment, being an obligation solemnly acknowledged and entered of record. In 2 Tidd's Prac. 982, 983, 984, a recognizance is classed among judgments. If these authorities are correct, no judgment is entered on a recognizance: it stands for a judgment itself, and when default is made, a *scire facias*

Nov. Term,
1832.

ANDRESS
v.
THE STATE.

at once goes requiring the cognizor to show cause why execution shall not issue.

The 2d point is, that there is no averment in the *scire facias*, showing who filed the recognizance in the Circuit Court, nor that it was taken by a person legally authorised to take recognizances. A recognizance not taken by a Court of record, is not strictly a record until it is filed and entered in a Court of record. 2 Tidd's Prac. 984, 985, 1035. Hence it is a matter of substance, and is material, that a *scire facias*, on a recognizance not taken in a Court of record, should aver by whom it was taken and filed, and that the person who took it was legally authorised so to do, and that it thereby became a matter of record of said Court, and still so remains, unsatisfied and in full force. This *scire facias*, in this particular, is wholly defective. It nowhere informs us who took, or who filed the recognizance, or that it was taken and filed by a person legally authorised so to do. 2 Marsh. Rep. 132.—Lilly's Entries.

The 3d and last point is, that the Court erred in sustaining the demurrers to the defendant's pleas in bar. These pleas are clearly defective, but the demurrers go back to the first error. They search the *scire facias*, and whole record, and locate themselves at the first substantial defect. A *scire facias*, although a judicial writ, must be considered as an original action, to which the defendant may plead, and therefore must contain a legal cause of action on its face. 6 Bac. Abr. 103.—2 Tidd's Prac. 982. This *scire facias*, certainly, does not contain any legal cause of action. Although every word on its face may be true, yet the state is not, by such a statement of facts as it contains, legally entitled to execution. It lacks several material averments other than those above pointed out.

It is not necessary, further, to pursue the subject. The record is defective. It contains none of the form, and but little of the substance, of a record on *scire facias*. A considerable portion of it is a heterogeneous mass of papers and things transcribed, which is not legally any part of the record.

*Per Curiam.*—The judgment is reversed. To be certified, &c,

*C. Fletcher*, for the plaintiff.

*H. Gregg*, for the state.