GEORGE SLEEPER *v.* TRUSTEES OF NEWBURY SEMINARY AND WILLIAM M. WILLETT.

All the material facts, necessary to show that the law has been complied with in the levy of an execution upon real estate, should appear by the officer's return.

Therefore, where it appeared from an officer's return of such levy, that the whole of the estate described in the return belonged to the debtor in the execution, and that the execution was levied upon an undivided portion of such estate, and it was not stated in the return, that, in the opinion of the appraisers, the estate could not be divided without injury, the levy was held invalid to pass the title.

EJECTMENT for a dwelling house, with a shed attached, and the land whereon they stand, in Newbury. Plea, the general issue, and trial by jury, June Term, 1846,—KELLOGG, J., presiding.

On trial the plaintiff offered in evidence an *alias* execution, which issued upon a judgment duly rendered in his favor against one Timothy Morse, and the officer's return thereon, showing that the execution was levied upon three undivided fourth parts of the premises described in the declaration. It appeared from the return, that the execution debtor was the owner of the entire estate in fee; but it did not show any reason, why the portion levied upon was not des-

Sleeper *v*. Newbury Seminary et al.

cribed in severalty.   The defendant objected to the evidence, and it was excluded by the court.

Verdict for defendants.   Exceptions by plaintiff.

*L. B. Vilas* for plaintiff.

If the levy conforms to any case, provided for by the statute upon this subject, it is to be presumed that it was made in accordance with that provision of the statute, and the levy should be held valid. The statute,—Rev. St. 242, § 30,—provides, that real estate may be set off in the same way, in which this levy was made.

*L. B. Peck* and *A. Underwood* for defendants.

The levy of an execution upon real estate is a proceeding *in invitum*, and the creditor acquires no title, unless the provisions of the statute are pursued.   The levy must be by metes and bounds,—Rev. St, 241, § 20,—except in certain cases, which are provided for by the statute ; Rev. St. 242, §§ 29, 30.   When the levy is not made by metes and bounds, it should appear by the officer's return, that the case falls within one of the exceptions made by the statute.   In the case at bar the levy was made upon an undivided portion of the estate ; but no reason is stated for this proceeding, and the court will not presume that any existed.

The opinion of the court was delivered by

HALL, J.   The only question in the case is,  whether the levy of the execution upon an undivided portion of the land is valid to pass the estate ?

It appears from the returns, that the debtor was the owner in fee of the whole of the house, shed and land levied upon.   In such case the statute contemplates [Rev. St. chap. 42, § 20] that the officer shall, in general, set off the land levied upon by metes and bounds, and not an undivided portion of it.   But the legislature suppose, that cases may occur, in which a setting off by metes and bounds would prove greatly injurious to the interest of the parties ; and in the 30th section of the same chapter it is provided, that when, in the opinion of the appraisers, any real estate cannot be divided without such great injury, the officer may set off such an undivided part

Tunbridge v. Tarbell.

thereof, as shall be sufficient to satisfy the execution. Whether the appraisers were of such opinion in this case does not appear.

This proceeding, by which the estate of one man is passed to another by the operation of law, has always been considered a proceeding *stricti juris,* and hence it has uniformly been held in this state, as well as in others having similar statutes, that all the material facts, necessary to show that the law has been complied with, should appear by the officer's return.

It is obvious, that, in most cases, an ownership of real estate in common is not desirable, and that, if a creditor were allowed, as matter of right, at his election, to levy upon an undivided interest of land held in severalty, he might make use of his execution greatly to the vexation and injury of the debtor. For this reason the legislature have provided, that such a levy shall not be made, but for good reasons, to be adjudged and determined by the appraisers.

This adjudication is a distinct and substantial requirement of the statute, important to the protection of the interest of the debtor, and should not be allowed to rest in parol, but should, as we think, appear, by the officer's return, to have been duly made. Such adjudication not appearing by the return, the judgment of the county court, which was against the validity of the levy, is affirmed,