Doe on the Demise of Cooper *v.* Harter.

A recognizance cannot be impeached collaterally for the want of capacity occasioned by drunkenness of the person by whom it was acknowledged.

An execution issued after the year without revival, cannot, upon that ground alone, be avoided in a collateral suit, by one who was not a party to it.

On a judgment against several joint defendants, an execution may issue without an affidavit indorsed thereon, that the defendants have not sufficient property in the county in which they reside to satisfy said judgment, to any county in which any one of the defendants may reside. *Doe ex. dem. Cooper* v. *Harter*, 1 Carter's Ind. R. 427.

The term "irregular process" is usually applied to all process not issued in strict conformity with the law, whether the defects appear upon the face of the process, or by reference to extrinsic facts, and whether such defects render the process absolutely void or only voidable.

A sale under process, absolutely void from defects apparent upon the face of the writ, can convey no title to any purchaser; where it is merely erroneous and voidable, the defects which render it so can only be taken advantage of in direct proceedings for the purpose of having the errors corrected; and, unless reversed or set aside by the Court from which it issued, such process will be deemed valid for all purposes as regards strangers, and in collateral actions.

The distinction between a purchaser with and without notice, cannot be applied to all cases of sales under executions called irregular.

Recognizance of bail as follows: "Now, at this time, to-wit, &c., (stating the date,)comes into open Court, *A.* and *B.* and acknowledge themselves replevin-bail and security for the judgment and costs heretofore rendered in the above entitled cause," &c. It was urged that the entry was void, because it was not subscribed by the persons entering bail. *Held,* that the statute did not require the parties to subscribe the entry.

ON rehearing.

Smith, J.—An opinion was given in this case at the *November* term, 1848 (1,) in which the judgment of the Court below was held to be erroneous, It was an action of ejectment, in which the plaintiff in error claimed title by virtue of a sheriff's deed made pursuant to a sale under execution. The defendant contended that the proceedings were void, and conferred no title on the purchaser. The most serious objection, urged to them, was, that the execution had issued upon dormant judgments, which had not been revived by *scire facias*. It was held, in the opinion referred to, that executions so issued were voidable

but not void, and that a sale under such circumstances might be valid notwithstanding there had been no judgment of revivor.

It was not, in our former opinion, particularly noticed that the plaintiff in the ejectment-suit was the execution plaintiff in the case of one of the executions under which the premises were sold, and the attorney for the plaintiffs in the others, and that, therefore, he was affected with notice of all irregularities. We did not think his standing in this attitude could make any difference, but as the point had not been carefully examined, a rehearing was granted, at the urgent request of the defendant's counsel, for the purpose of inquiring what effect, if any, the fact that the plaintiff had notice of the errors made in issuing the executions, could have upon his rights as a purchaser.

The distinction between a *bona fide* purchaser, and a purchaser having notice of irregular proceedings, at execution-sales, has been frequently noticed by the Courts, and sometimes in such a way as rather to increase than to lessen the difficulty of determining in what cases such a distinction is applicable.

Sometimes, the term "irregular process" has been defined to mean process absolutely void, and not merely erroneous and voidable—*Woodcock* v. *Bennett*, 1 Cow. 735—but, usually, this term has been applied to all process not issued in strict conformity with the law, whether the defects appear upon the face of the process, or by reference to extrinsic facts, and whether such defects render the process absolutely void or only voidable.

A sale under process absolutely void from defects apparent upon the face of the writ, could convey no title to any purchaser; and where it is merely erroneous and voidable, the general rule is that the defects which render it so can only be taken advantage of in direct proceedings for the purpose of having the errors corrected, and, unless reversed or set aside by the Court from which it issued, such process will be deemed valid for all purposes as regards strangers, and in collateral actions.

It seems evident, therefore, that the distinction between

Nov. Term,
1850.

Doe
v.
Harter.

a purchaser with, and without notice, cannot, with propriety, be applied to all cases of sales under executions thus called irregular.

With regard to the case under consideration, it is said that if an execution issue upon a dormant judgment, and the defendant does not interpose to have it set aside, it is an implied admission that the judgment remains unsatisfied, and that he had waived the right of requiring a *scire facias* to be first issued. *Erwin's Lessee* v. *Dundas*, 4 How. 79. The defendant, knowing the judgment to be unsatisfied, might desire to avoid the expense of a *scire facias*.

If the defendant in the execution thus waived the necessity of a *scire facias*, and that is the presumption when the validity of the execution is brought in question collaterally, he, certainly, would not be injured by a sale under the process thus issued, and no good reason can be perceived for considering the title of the purchaser invalid though he may have had notice that there was no judgment of revivor.

We have not been referred to any case, nor have we been able to find one, where an irregularity of this kind, if it can properly be called an irregularity, has been held to invalidate the sale to a purchaser with notice. On the contrary, there are numerous cases in which the general principle is recognised that such an irregularity cannot be objected to in a collateral suit, and in some of them the question arose with reference to purchasers with notice.

*Thompson* v. *Phillips*, 1 Bald. C. C. R. 246, was an action of ejectment, in which the plaintiff claimed title under a marshal's deed pursuant to a sale under execution. It appeared that a *fieri facias* had been issued on the 31st of *March*, 1823, returnable at the *April* term, on which there was a levy of the premises in question. On the 30th of *April* the levy was set aside by the Court. No other *fi. fa.* was issued, but on the 18th of *October* an inquisition was taken, to which the *fi. fa.* of *March* was attached, with a levy thereunto annexed, embracing the same property before levied on. Upon this a *vendi* issued,

under which the property was sold.  At the time of the sale notice was given to the purchaser that the sale would be contested for want of a *fi. fa.* and levy.  Upon the point thus raised, it was ruled by the Court that if the proceedings were irregular, they could only be objected to upon a proper application to the Court to correct the error.

The same decision was made in the case of *Lee* v. *Crossna*, 6 Humph. 281, which was an action of ejectment by *Crossna* against *Lee*.  *Crossna* had obtained judgments against *Looney, Scott*, and *Lee*, upon which executions were issued against *Looney* and *Lee*, without naming *Scott*.  *Crossna* purchased at the sale, took a deed from the sheriff, and brought the action to recover the premises.

*Miles* v. *Knott*, 12 Gill. & John. 442, was an action of ejectment in which *Knott*, the plaintiff, claimed under an execution-sale, he being the execution-plaintiff and the purchaser at the sale.  The execution had been issued upon a dormant judgment which had not been revived by *scire facias*, and the case was, therefore, as regards the question thus arising, precisely similar to the one we have now to determine.  See, also, 8 John. 361.—16 id. 575.—7 Iredell, 387.—8 Ala. R. 759.—19 Verm. 451.—4 Scam. 164.—4 Gilm. 336.

So far as regards this point, therefore, we see no reason to alter the opinion formerly given.

The defendant in error also contends that there are other irregularities in the executions.  The judgment in favor of *Willis* and *Brothers* is for 481 dollars and 4 cents debt, and 6 dollars and 89 cents damages, making together 487 dollars and 93 cents, and the execution recites a judgment for 481 dollars and 4 cents.  Two of the executions describe the plaintiffs by their partnership name only.  None of them state the entry of replevin-bail, and in one of them no distinction is made between the principals and the bail, but the recovery of judgment against all the parties is stated in general terms.  These irregu-

larities, if they are such, were amendable, and do not affect the validity of the executions.

The defendant in error desires to have the opinion of this Court upon another point made by him. The recognizances of bail were entered into by *John Harter* and one *E. F. Glover*. They are in the following form:

"Now, at this time, to-wit, &c., (stating the date,) comes into open Court, with the clerk of this Court, *John Harter* and *E. F. Glover*, and acknowledge themselves replevin-bail and security for the judgment and costs heretofore rendered in the above entitled cause," &c.

It is objected to this entry that it is void, because it was not subscribed by the persons entering bail. The statute then in force did not require parties entering into such recognizances to subscribe their names thereto, and it was not necessary they should do so. *Andress* v. *The State*, 3 Blackf. 108.

*Per Curiam.*—Same judgment as before.

· *H. Cooper*, for the plaintiff.

*D. D. Pratt* and *J. U. Pettit*, for the defendant.

(1) See 1 Carter's Ind. R. 427.