ALFRED EDWARDS, GEORGE P. LORD AND RICHARD C. EDWARDS *v.* NATHAN ALLEN AND ELISHA ALLEN.

*Levy of execution on an undivided portion of the debtor's real estate.*

The levy of an execution upon an undivided portion of a piece of land, which the debtor is described as owning in fee, is invalid if the officer gives no reason, in his return, for so levying it.

EJECTMENT for $\frac{54139}{123650}$ parts of a certain piece of land in Pawlet. Plea, the general issue; trial by jury, September Term, 1854,— PIERPOINT, J., presiding. The only claim to the premises which the plaintiffs attempted to show, was derived from the levy of an execution in their favor, against the Pawlet Manufacturing Company, upon the real estate of Elisha Allen, who, they claimed, was a member and stockholder of said company. It appeared from the return of the levying officer that he levied the execution upon the premises described in the declaration, viz., upon " $\frac{54139}{123650}$ parts of " a certain piece of land, with the appurtenances therof, situated " in Pawlet aforesaid, containing about four acres, more or less, " bounded as follows: east by the highway leading from Nathan " Allen's to the red mill, north by lands of Orila Loomis, west by " Pawlet River, and south by lands set off on execution to F. S.

" Winston & Co., the proper estate of the said Elisha Allen in
" fee." No reason was stated, and it did not appear in the return,
why an undivided interest was levied upon, but it was shown upon
the trial, by the introduction of other executions and levies, that
at the time of the levy and set-off upon this execution, all the
residue of the lands in said return described, except the aforesaid
fractional part, had been set off in satisfaction of other executions.
The defendants made several objections to the validity of the plain-
tiff's title under their levy, on account of the said Elisha Allen not
being, at the time of said levy, a stockholder in said corporation,
and on account of the premises being a part of his homestead;
but under the decision made by the supreme court it becomes
unnecessary to detail the facts or evidence upon which those objec-
tions were based. The county court decided that the levy and
set-off conveyed no title to the plaintiffs, and directed the jury to
return a verdict for the defendants. Exceptions by the plaintiffs.

*F. Potter* and *J. B. Bromley* for the plaintiffs.

*H. Allen* and *C. L. Williams* for the defendants.

The opinion of the court was delivered, at the circuit session, in
September, by

BENNETT, J.   The present case may well be disposed of, upon
one single point, even though it should be assumed that the real
estate of Elisha Allen was liable to be levied upon to satisfy the
execution against the company without any embarrassment arising
under the *homestead law,* as it is called. The execution is levied
upon an undivided portion of a piece of land, which Allen is des-
cribed as owning in fee, and no reasons are given, in the officer's
return, why it was so levied. In the case of *Sleeper* v. *Newbury
Seminary et al.,* 19 Vt., 451, it was expressly held that, to render
a levy upon an undivided portion of the debtor's real estate held in
fee valid, it was necessary that it should appear from the officer's
return that the estate could not be divided without detriment to the
parties,—and we think that case was a correct exposition of the
statute. Without then considering any other questions made at
the argument,

We affirm the judgment of the county court.