JAMES MORGAN v. SAMUEL L. ARMINGTON.

*Execution.*

If an execution be levied upon an undivided portion of the debtor's land, owned wholly by him, without any statement in the return of the existence of a mortgage, or other reason for not setting off the estate in severalty, such levy will be invalid, notwithstanding there was in fact an outstanding mortgage upon the premises.

EJECTMENT for one hundred and fifty-seven equal and undivided eight hundred fiftieth parts of a certain piece of land in Ludlow. Plea, the general issue, and trial by the court, at the May Term, 1859,—REDFIELD, Ch. J., presiding.

The plaintiff claimed title to the premises declared for by virtue of a levy of an execution, made November 22d, 1856, in his favor against the defendant, who was then the owner of the whole of the piece of land in question. By this levy, one hundred and fifty-seven equal and undivided parts of such land were set off to the plaintiff in satisfaction of the execution, but it was not stated in the return of the levy that there was any mortgage upon the land, nor that, in the opinion of the appraisers, it could not be divided without injury to the parties interested, and no reason was mentioned in the return why the land levied upon was not set off by metes and bounds.

It appeared upon trial, that in fact there was at the time of such levy an outstanding mortgage upon the piece of land in question, and also that in November, 1858, previous to the commencement of this suit, the condition of such mortgage having been broken, the defendant took from the mortgagee a lease for five years of the same undivided fractional part of the land as was described in the levy, but this lease was never recorded, and there was no other evidence, than its execution, of any entry upon the premises by the mortgagee.

Upon these facts, the county court rendered judgment for the defendant, to which the plaintiff excepted.

*Sewall Fullam* for the plaintiff.

*L. Adams* for the defendant.

BARRETT, J.    The plaintiff relies for title to the premises sued for upon the levy of an execution in his favor against the defendant.    The return of said levy sets forth the land covered by it by metes and bounds, containing half an acre more or less, the proper estate of the said Samuel L. Armington in fee.    It then sets forth the due appointment of appraisers, and that they appraised one hundred and fifty-seven equal and undivided eight hundred and fiftieths of the above described premises, with a dwelling-house and other buildings thereon, at the sum of one hundred and fifty-seven dollars as its true and just value in money, to satisfy said execution with all fees, &c., and that the sheriff set out the estate so appraised in full satisfaction, &c.

This return does not set forth any reason why such undivided part was levied upon, instead of a specific part by metes and bounds, nor does it set forth that the appraisers acted upon or adjudicated the propriety or necessity of thus levying upon an undivided portion of the estate.

In point of fact, the property was subject to an existing mortgage made in 1853.    But no notice was taken of this mortgage in making the levy.

Two grounds of defence are urged; one, that the defendant is in possession as tenant of the mortgagees, in their right of possession for condition broken ; the other, that the plaintiff obtained no title by the levy.

We have no occasion to discuss the former of these grounds, as our decision upon the latter will dispose of the case.

It is a common maxim in relation to the action of ejectment, that the plaintiff must stand upon the strength of his own title,— such title as would give him the right of possession.    Did the plaintiff acquire any title by this levy ?    To this question a conclusive negative seems to be given by the statute, and the exposition of it in *Sleeper* v. *The Trustees of Newbury Seminary et al.*, 19 Vt. 451.    The decision of that case was put upon the same ground, viz : that the levy conveyed no title, and for the same reason, as exist and are urged in this.    We recognize the authority of that decision, and cannot make the subject clearer, or present it in a more satisfactory manner, than is done in the comprehensive opinion delivered by Judge HALL.

The bill of exceptions, by the statement of facts found, and by reference to records and documents, shows the whole case, upon which case, as thus shown, judgment was rendered by the county court for the defendant. It does not show upon what particular ground, or in what particular view the court rendered this judgment. If, upon any ground presented by the exceptions, we think that judgment well founded, it is the duty of this court to affirm it.

As we regard the levy wholly ineffectual to vest any title in the plaintiff, we think the judgment of the county court is correct, and it is affirmed.