*Conner & Pound*, for the appellant.

---

## CAMPBELL and Another *v.* THE STATE.

In an action upon a forfeited recognizance, it is sufficient to set out the recognizance *in haec verba*.

It is not necessary that a recognizance taken in open Court and entered upon its record, should be signed by the parties. It is witnessed by the record and not by the signatures.

A defendant in a prosecution for crime or misdemeanor, may be called

Campbell and Another *v.* The State.

and his recognizance forfeited, while the motion for a new trial is pending.

Where a defendant is recognized to appear and answer to an indictment, under which he has been convicted of a lesser offence than that charged, he is still bound to appear, abide the order of the Court and not depart without leave.

APPEAL from the *Fayette* Circuit Court.

WORDEN, J.—Action on a recognizance entered into by *Campbell, Barkhizer* and *McKinney*, conditioned for the appearance of *McKinney* before the same Court, on, &c., to answer to an indictment preferred against him for rape, and that he would abide the judgment and orders of the Court thereon, and not depart without leave.

*McKinney* was tried and acquitted of the alleged rape, but convicted of an assault and battery with intent to commit a rape. Pending a motion for a new trial in the cause, *McKinney* was called, and failing to appear, and his sureties failing to produce him, the recognizance was adjudged to be forfeited.

Process was retunrned not found as to *McKinney*, but *Campbell* and *Barkhizer* appeared and pleaded, and against them the State had judgment.

The complaint was demurred to, and it is objected that no copy of the recognizance is set out. The complaint sets out the recognizance *in haec verba*, and that is sufficient. Again, it is objected that the recognizance is not signed or sealed by the defendants. This was not necessary. A recognizance is witnessed only by the record, and not by the seal or signature of the party bound. *Andress* v. *The State*, 3 Blackf, 108. It is also urged that *McKinney* could not be called while his motion for a new trial was pending. No reason has been shown why this could not be legally done, and none occurs to us. It is also urged that as he was acquitted of the rape, he was not bound to appear any further to the cause. On an

indictment for rape, a party may be acquitted of the rape, but convicted of an assault and battery with intent to commit that offence. 2 R. S. 1852, p. 370, sec. 72. *McKinney* was bound to answer to the indictment, and also to abide the judgment thereon, and not depart without leave. Judgment might have been rendered against him on the conviction, and he forfeited the recognizance by absenting himself without having been discharged. *The State* v. *Whitson*, 8 Blackf. 178.

The evidence sustains the finding and there is no error in the record.

*Per Curiam.*—The judgment below is affirmed, with costs and one per cent. damages.

*John S. Reid* and *B. F. Claypool*, for the appellants.
*James C. McIntosh* and *Nelson Trusler*, for the appellee.