## THE STATE *v.* ELDER and Another.

FUGITIVE FROM JUSTICE.—*Bail.*—Fugitives from justice returned to the county wherein the offense was committed, under the Act of May 27, 1852, may be let to bail until an examination be had.

SAME.—*Recognizance*—In such case, if the fugitive returned be taken before a judge in open court, such judge may recognize such fugitive to appear at the time fixed for an examination; and such recognizance may be entered on the order book, under section 37 of the criminal code, and is not invalid because not signed by the recognizors.

APPEAL from the Decatur Circuit Court.

DOWNEY, C. J.—Action on a forfeited recognizance. The complaint sets out the facts, in substance as follows: Frank Elder was arrested in Ripley county, on a warrant issued by a justice of the peace of that county, on an affidavit charging him with the commission of the crime of larceny, in Decatur county, and alleging that he had fled from that county. Upon the hearing of the cause, the justice of the peace adjudged him guilty, and that he should be conveyed to Decatur county, and delivered to some judge of a circuit court, or court of common pleas, or justice of the peace; and he was accordingly conveyed to Decatur county, and the circuit court of that county being in session, the Hon. Jeremiah M. Wilson presiding, he was, with the warrant, affidavit, and transcript of the proceedings, delivered to the judge in open court. The hearing of the case was fixed for the next day, July 17th, 1869, and the accused was ordered to enter into a recognizance in the sum of one thousand dollars, or be committed to the custody of the sheriff of the county. Thereupon, the accused, with Elijah S. Elder as his bail, entered into the recognizance on which this suit is founded, which was entered on the order book of the court, but not signed by the recognizors. On the next day, there was a forfeiture of the recognizance by failure of the accused to appear, and judgment of forfeiture was entered.

Separate demurrers were filed by the defendants to the complaint, and sustained by the court. Exception was duly taken, and the question for our decision is as to the correctness of this ruling.

The statute relating to fugitives from justice fleeing from one county to another is as follows:

"Be it enacted by the General Assembly of the State of Indiana, that if any person, having committed a crime in one county, shall flee to another, any judge of the Supreme Court, or circuit court, or court of common pleas, or any justice of the peace within the county wherein said fugitive may be, shall, on the oath of any person charging such fugitive with such crime (either directly, or on the belief of the affiant) issue his warrant and cause such fugitive to be arrested and brought before him; and after evidence heard, if in the opinion of such judge, or justice, the proof or presumption is strong as to the guilt of the person charged, such judge or justice shall issue his warrant to some constable, to convey such fugitive to the county in which he committed the offense charged against him, and deliver him to some judge of the circuit court, or court of common pleas, or justice in such county, together with the warrant of the judge or justice before whom the said fugitive was examined; and it shall be the duty of such judge or justice to whom such fugitive shall be delivered to cause him to be committed to the custody of some constable or sheriff of the county for safe keeping; and to summon forthwith the person against whose person or property the said offense shall have been committed, or some witness thereto; and such judge or justice shall on the examination be governed in all respects as though said complaint had been made and affidavit taken before him in the first instance; and the constable who shall convey such fugitive from the county where he was first arrested to the county in which the offense was committed shall receive the same fees for such service as are by law

allowed to sheriffs for like services, and subject to the same rules and conditions." 2 G. & H. 434.

It is insisted by counsel for the appellees that when the accused was delivered to the judge, it was his duty to cause him to be committed to the custody of some constable or the sheriff of the county for safe keeping until the time of hearing, and that he had no power to let him to bail and take a recognizance for his appearance at the time fixed for the examination.

If the statute above quoted was the only law on this subject, this position might be tenable. But as there are other provisions with reference to the power to take recognizances, they must be examined and must have their operation and effect in determining the question. Section 15, 2 G. & H. 8, is as follows: "The judges of such circuit courts, within their respective districts, shall take all necessary recognizances to keep the peace, or to answer any criminal charge, or offense in the court having jurisdiction."

Section 37, 2 G. & H. 397, is as follows: " Recognizances in criminal proceedings may be taken in open court, and entered on the order book."

This was a bailable offense, and the enactments on this subject ought to be so construed as to give the accused the right to give bail, if such construction can be properly put upon them. We are of the opinion that the judge had the right to let the accused to bail, and take a recoginance for his appearance at the time set for the preliminary examination.

A more difficult question is whether the recognizance can be regarded as having been taken in open court, and therefore properly entered of record, as authorized by sec. 37, 2 G. & H. 397, and valid without being signed by the recognizors.

With some hesitation, we have come to the conclusion that the recognizance may be regarded as taken in open court, and therefore properly entered of record, and valid. See 2

Cooley's Bl. Com. 341; *Andress* v. *The State,* 3 Blackf. 108; *Campbell* v. *The State,* 18 Ind. 375.

The judgment is reversed, with costs, and the cause remanded.

*C. Ewing, J. K. Ewing,* and *D. E. Williamson,* Attorney General, for the State.

*J. S. Scobey, J. Gavin,* and *J. D. Miller,* for appellees.