## GRINESTAFF ET AL. *v.* THE STATE.

RECOGNIZANCE.—*Statute of Frauds.*—A recognizance in a criminal proceeding, taken in open court and entered on the order book, is not within the statute of frauds, but is valid and binding without the signature or seal of any of the cognizors.

Grinestaff *et al. v.* The State.

SAME.—*Evidence.*—On the trial of an action upon a forfeited recognizance taken in open court and entered on the order book, it is not necessary to prove that the court required the principal to enter into the recognizance.

SAME.—*Fixing Amount.*—No other fixing of the amount of bail than specifying it in the recognizance is necessary, when the recognizance is so taken by the court.

From the Washington Circuit Court.

*T. L. Collins* and *A. B. Collins,* for appellants.

*C. A. Buskirk,* Attorney General, and *S. B. Voyles,* Prosecuting Attorney, for the State.

WORDEN, C. J.—Grinestaff stood indicted in the court below for murder in the second degree and manslaughter.

On June 18th, 1875, at the June term of the court for that year, the cause was set for trial on the 24th day of the same month; and on the day first above named, Grinestaff and his sureties appeared in open court and entered into a recognizance in the sum of two thousand five hundred dollars, conditioned for his appearance to answer the charge at the time specified.

The recognizance was taken in open court and entered upon the order book, but was not signed by Grinestaff or his sureties.

On the day fixed for the trial, Grinestaff, though called, did not appear, and his sureties being called and required to produce him, failed in this, and thereupon judgment of forfeiture was entered.

This action was brought upon the recognizance. Default as to Grinestaff.

The sureties filed a demurrer to the complaint, for want of sufficient facts, which was overruled, and exception taken.

Issue, trial by the court, finding and judgment for the State. Motion for a new trial overruled, and exception.

The objection urged to the complaint is, that the recognizance is within that portion of the statute of frauds which provides that no action shall be brought "to charge any person, upon any special promise, to answer for the debt,

default, or miscarriage of another," unless the promise, etc., shall be in writing, and signed by the party to be charged therewith, etc.   1 G. & H. 348.

It has been settled for more than forty years in Indiana, that a recognizance thus taken in open court and entered upon the order book is valid and binding without either the signature or seal of any of the cognizors.   Such recognizance creates a debt of record, and is witnessed only by the record, and not by the signatures or seals of the cognizors.

The decisions upon the point are uniform.   *Andress* v. *The State,* 3 Blackf. 108;  *Doe* v. *Harter,* 2 Ind. 252; *Campbell* v. *The State,* 18 Ind. 375;  *The State* v. *Elder,* 35 Ind. 368.   If such recognizance is within the statute of frauds, this court has been wrong in an unbroken line of decisions, running through a period of nearly half a century. We cannot, in view of the authorities, hold that the recognizance sued upon is within the statute of frauds.

It is claimed that a new trial should have been granted, because the proof did not show that the court required the principal to enter into the recognizance, or fixed the amount thereof.   We do not see that it was necessary that the court should have required the principal to enter into the recognizance.   The inference is that he was in custody and desired to procure his liberty, and for that purpose proposed to enter, with his sureties, into the recognizance, and that thereupon the court took the same, as it was authorized by statute to do.   2 G. & H. 397, sec. 37.

The court did fix the amount, for that is specified in the recognizance.   No other fixing of the amount was necessary in a recognizance thus taken by the court.   *McClure* v. *The State,* 29 Ind. 359.

There is no error in the record.

The judgment is affirmed, with costs, and five per cent. damages.