## CAIN v. THE STATE.

[No. 5,748. Filed June 23, 1905.]

1. APPEAL AND ERROR.—*Right of Appeal.*—*Criminal Law.*—The right of appeal in a criminal case is exclusively statutory. p. 54.

2. SAME.—*Appeal Bonds.*—*Legislative Powers.*—*Jurisdiction.*— The legislature has power to prescribe that bonds shall be required from appellants in criminal cases, and when so prescribed, the filing of such bonds is jurisdictional. p. 54.

3. STATUTES. — *Criminal Law.* — *Appeal from Justice.* — Under §§1712-1714 Burns 1901, §§1643-1645 R. S. 1881, the defendant in a criminal case, in order to perfect his appeal from a justice of the peace, is required to file his separate undertaking with approved freehold surety with the justice rendering judgment within ten days after trial, a recognizance entered in open court before the justice being insufficient. p. 54.

4. SAME.—*Criminal Law.*—*Recognizance in Open Court.*—Section 1773 Burns 1901, §1704 R. S. 1881, providing that recognizances may be taken in criminal cases in open court, applies only to the circuit or criminal courts. p. 57.

5. APPEAL AND ERROR.—*Failure of Justice to Certify Papers.*— Where the appealing party has done all the law requires him to do to perfect an appeal, the failure of the justice to certify the papers to the circuit court within the statutory period does not deprive appellant of his right of appeal. p. 57.

6. MAXIMS.—*Ignorantia Juris non excusat.*—Ignorance of the law excuses no one, and this applies to criminal as well as civil law. p. 57.

7. CRIMINAL LAW.—*Appeal from Justice.*—*Time.*—*Power of Justice to Extend.*—An appeal from a justice in a criminal case

must be taken by filing the proper appeal bond within ten days from the time of trial and the justice has no power to extend such time.   p. 58.

8.   STATUTES.—*Criminal Law.—Appeal Bonds.—Defects.*—Section 1784 Burns 1901, §1715 R. S. 1881, curing informalities and defects in recognizances, undertakings and bonds in criminal cases refers only to such as are taken in the criminal or circuit courts.   p. 58.

9.   CRIMINAL LAW.—*Appeal from Justice.—Appeal Bonds.*—An appeal bond filed in a criminal case before a justice after ten days from the trial does not revive appellant's right of appeal. p. 59.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Prosecution by the State of Indiana against Andrew Cain.   From a judgment dismissing his appeal from the justice of the peace, he appeals.   *Affirmed.*

*James V. Mitchell,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

WILEY, C. J.—Appellant was prosecuted before a justice of the peace upon an affidavit charging him with selling intoxicating liquors on Sunday.   He entered a plea of not guilty, was tried by jury and convicted, and a fine of $10 assessed against him.   The trial was had and judgment entered on the 14th day of June, 1904, and in the transcript of the justice of the peace filed in the circuit court we find the following entry: "The defendant makes a motion for an appeal to the circuit court; motion is granted; and the defendant, with Charles Cain as approved surety, now in open court enters into oral recognizance in the sum of $50 for his appearance at the next term of the Morgan Circuit Court.   And now, on the 27th day of July, defendant files his bond in the sum of $50, with Charles Cain as surety."   The bond or recognizance, as filed with the justice on the 27th day of July, 1904, was approved by the justice

in the following language: "Taken and approved by me this 27th day of July, A. D. 1904. As of June 14, 1904."

In the circuit court appellant was permitted to file affidavits to the effect that, upon the conclusion of the trial before the justice of the peace, such justice stated to appellant that he would prepare the transcript and write out the appeal bond, and when he got them ready he would notify appellant, and he and his surety could come in and sign the bond; that such transcript and bond were prepared within ten days, but that the justice did not call the attention of appellant to the same, and failed to notify him until the 27th day of July, at which date appellant and his surety signed the bond, and it was approved, as above shown. On the 30th day of July following the justice filed his transcript, together with the original bond taken and approved by him, in the clerk's office of the Morgan Circuit Court, where the same was regularly docketed.

It affirmatively appears from the record that the judgment before the justice of the peace was rendered on the 24th day of June, and that the appeal bond or recognizance was not filed with the justice until the 27th day of July following. On the 4th day of October, the same being the twenty-sixth judicial day of the September term, the State interposed her oral motion to dismiss the appeal, for the reason that the same was not perfected within ten days from the date of the rendition of the judgment before the justice of the peace. The court sustained appellee's motion to dismiss, and rendered judgment against appellant for costs. Appellant moved for a new trial upon the sole ground that it was error for the court to sustain the State's motion to dismiss the appeal, which motion was overruled, and such ruling is here assigned as error. By the record two questions for inquiry and consideration are presented: (1) Was the personal recognizance entered of record by the justice of the peace sufficient, when certified with the record to the clerk of the circuit court, to stay proceedings until

the final disposition of the cause? (2) Was the subsequent execution of the appeal bond, or recognizance, as it is designated by the statute, after the expiration of ten days from the rendition of the judgment by the justice of the peace, a substantial compliance with the statute?

It is urged on behalf of the State that the court can not consider the affidavits filed by appellant in support of the facts already stated in this opinion, because they are not brought into the record by a bill of exceptions.

If the statute governing appeals of this character from judgments rendered by a justice of the peace are to be strictly construed, then we need not consider the questions presented by the affidavits. The right of appeal is exclusively of statutory origin, and no appeal may be prosecuted except when such right is given by statute. *Hughes v. Parker* (1897), 148 Ind. 692; *In re Petition of Stroh* (1897), 149 Ind. 164; Elliott, App. Proc., §75; Ewbank's Manual, §58; *Sims* v. *Hines* (1890), 121 Ind. 534.

It seems to be the settled rule, that under their general authority to regulate appellate procedure, legislatures may require appeal bonds of the appellant in either civil or criminal cases. 1 Ency. Pl. and Pr., 965, 966, and authorities cited. The general principle that acts required by statute to perfect an appeal are jurisdictional, and must be strictly complied with, to vest the appellate court with power to entertain the appeal, applies to statutes requiring appeal bonds. 1 Ency. Pl. and Pr., 966, and authorities cited under note 2.

Under the act of the legislature governing trials before justices of the peace in criminal procedure, there are three sections of the statute which must be considered together to determine the inquiry above suggested, to wit, §§1712-1714 Burns 1901, §§1643-1645 R. S. 1881. These sections are respectively as follows: "1712. Any prisoner against whom any punishment is adjudged may appeal to the criminal court, and, if there be

none, then to the circuit court of the county, within ten days after trial, on entering into recognizance for his appearance at the next term of such court, as in other cases; and such appeal shall stay all proceedings. 1713. Recognizances for the appearance of prisoners shall, in all cases, be taken with freehold surety, and shall be substantially in the following form: We, A. B. and C. D., severally acknowledge ourselves bound to the State of Indiana in the sum of ——————— dollars each, if the said A. B. shall not appear at the first day of the next term of [here specify the court] to answer a charge of [here state the offense], at the county of ——————— and State of Indiana, and abide the judgment of such court. Witness our hands and seals this ——— day of——————, 18—. A. B. [Seal] C. D. [Seal] · Attest: Jared C. Jocelyn, justice. 1714. Such recognizance, together with transcript of the proceedings and all papers in the case, shall be forthwith filed by the justice with the clerk of the proper court, who shall docket such cause for trial and record such recognizance forthwith, and enter the same on the judgment docket; and from the date of such entry it shall operate as a lien upon all lands in the county of the parties thereto, and any judgment afterward had upon it shall have relation back to the date of such entry."

The provisions of these three sections of the statute are plain, and can not be easily misunderstood. The first section requires the prisoner to enter into a recognizance for his appearance at the next term of the court to which the appeal is to be prosecuted, and requires him to execute such recognizance within ten days. The second section fixes the form of the recognizance, and specifically provides the form thereof. This contemplates that the prisoner with freehold surety shall execute an original undertaking.

Any doubt about the meaning of §§1712, 1713, *supra,* is made absolutely clear and plain by §1714, *supra.* The latter section requires that the recognizance taken by the

justice of the peace shall be forthwith filed with the clerk of the court to which the appeal is taken. The justice of the peace is not authorized to embrace within his transcript a certified copy of the recognizance, but he must send up the original, and the statute makes it the duty of the clerk to record such recognizance forthwith and enter the same on the judgment docket. From the time it is entered upon the judgment docket it operates as a lien upon all lands in the county of the parties thereto, and, in case judgment is afterward rendered upon it, the statute makes it relate back to the date of such entry. This section also requires the justice of the peace forthwith to file with the clerk a transcript of the proceedings and all papers in the case, and makes it the duty of the clerk thereupon to docket such cause for trial. No provision is made by the statute requiring the clerk to record the transcript on the judgment docket, or any other record of the court. He has performed the full measure of his duty under this section of the statute when he has filed the transcript, docketed the cause for trial, and recorded the recognizance upon the judgment docket. It seems clear, therefore, that the legislature did not contemplate that a prisoner against whom any punishment is adjudged by a justice of the peace was entitled to appeal therefrom, except upon his entering into a recognizance in substantial compliance with that fixed by it. There was no intention that the statute would be complied with by his entering into a recognizance before the justice of the peace, taken in open court, and entered upon the docket of the justice. A judgment entered upon the docket of the justice of the peace does not constitute a lien. Neither does the filing of a transcript in the office of the clerk of the circuit court or criminal court, of the proceedings before a justice of the peace in which a judgment has been rendered create any lien, for the clerk is not required by the statute to record such transcript, either upon the order-book or judgment docket.

Section 1773 Burns 1901, §1704 R. S. 1881, under the act regulating criminal procedure in criminal and circuit courts, provides that recognizances in criminal proceedings may be taken in open court and entered on the order-book. Under that section it has been held that when bail is taken in open court the recognizance need not be signed by the parties. *Campbell* v. *State* (1862), 18 Ind. 375, 81 Am. Dec. 363; *Grinestaff* v. *State* (1876), 53 Ind. 238; *State* v. *Elder* (1871), 35 Ind. 368.

The legislature has not seen proper to confer such power upon a justice of the peace, and its having prescribed the time in which a recognizance shall be filed by a defendant in a criminal prosecution before a justice of the peace, and also prescribed the character of the undertaking, which must be in writing, signed by the defendant and an approved surety, and having directed what shall be done by the justice of the peace in certifying up the transcript of the proceedings before him and the original undertaking, and defined the duties of the clerk upon receipt of same, it is evident that no other scheme or plan or device was contemplated by the legislature, by which a defendant in a. criminal prosecution before a justice of the peace could appeal, other than that prescribed by the statute cited.

While it is true that the failure of the justice of the peace to certify and send up the papers within the time fixed by statute does not affect the rights of the appellant (*State, ex rel.,* v. *Cressinger* [1883], 88 Ind. 499), yet, in this case the appellant has not placed himself in a position to invoke the aid of this salutary and just rule.

All residents and citizens of the State are presumed to know its law, both civil and criminal. 22 Am. and Eng. Ency. Law (2d ed.), 1234; *Haskett* v. *State* (1875), 51 Ind. 176; *Ogborn* v. *Hoffman* (1876), 52 Ind. 439; *State, ex rel.,* v. *Van Pelt* (1848), 1 Ind. 304.

Under §1712, *supra,* appellant was bound to know that his only right of appeal from the judgment rendered against him by the justice of the peace was by his en-

7.   tering into a recognizance as prescribed by §1713, *supra,* within ten days after the trial before the justice of the peace.   This he did not ·do, and the justice had no authority to certify to the circuit court the proceedings, judgment and papers in his possession until after such recognizance had been filed.   Appeals can not be authorized to be taken after the time fixed by statute for the taking of the appeal.   *State* v. *Kunbert* (1860), 14 Ind. 374.   This court, in the case of *State* v. *Johnson* (1898), 21 Ind. App. 313, held that a recognizance or bond must be filed by the defendant when he appeals, or the appeal must be dismissed.   The record in this case shows that the trial was had and judgment rendered before the justice of the peace on the 14th day of June, 1904, and that on the 27th day of July following, appellant filed his appeal bond before the justice of the peace in the sum of $50, with a surety which was approved, and that on the 30th day of July the justice filed in the clerk's office of the court below a transcript of the proceedings as shown by his docket.

Our attention is called in argument to §1784 Burns 1901, §1715 R. S. 1881, to the effect that no recognizance, undertaking or bond taken in any criminal proceed-

8.   ing shall be void for want of form or substance, or for omission of any recital or condition, nor that the principal or surety shall be discharged, and, that no action on such a recognizance shall be defeated for the neglect of the clerk to indorse or record the same.   Appellant has cited this section and two authorities, to wit, *Crawford* v. *King* (1876), 54 Ind. 6, and *State* v. *Soudriette* (1886), 105 Ind. 306, in support of his contention that the taking of the oral recognizance by the justice of the peace was only an irregularity.   It must be observed that the section cited has reference to criminal procedure in circuit and criminal

courts, and has no application whatever to such proceedings before a justice of the peace. The statute confers no authority upon a justice of the peace in a criminal proceeding to take the oral recognizance of the defendant and his surety, and simply make a record of it on his docket.

In this case the appellant waived his rights to have the merits of his cause tried in the circuit court, by his failure to enter into a recognizance within ten days after his trial before the justice of the peace, as required by the statute, and his subsequent filing with the justice a recognizance required by the statute after the expiration of the ten days availed him nothing. He recognized the fact that he had slept upon his rights by tendering and having filed a recognizance after the statutory time had elapsed.

The judgment is affirmed.

Myers, P. J., Black, Robinson and Comstock, JJ., concur; Roby, J., absent.