HOFMANN *v.* STATE OF INDIANA.

[No. 26,259. Filed February 26, 1935.]

*Charles E. Daugherty,* and *George P. Rose,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Joseph P. McNamara,* Deputy Attorney-General.

ROLL, J.—Appellant, Andrew Hofmann, who was the coroner of Lake county, Indiana, was adjudged guilty of contempt of the Newton circuit court for a willful disobedience of the orders of said court in that he refused to serve a lawful process issued by the Newton circuit court. The action was commenced by the filing of a sworn statement in the nature of an information whereupon appellant was ordered to ap-

pear on the 10th day of June, 1932, and show cause why he should not be attached and punished for contempt of court. Appellant did appear and filed his verified answer in discharge of the rule. The court found said answer insufficient and adjudged appellant guilty of contempt. From this judgment he appeals.

The record in this case shows substantially the following facts: the sworn statement or information filed herein alleged in substance, that on May 16, 1927, one Alexander Cassell, recovered a judgment in the Newton circuit court against Roy F. Holley in the sum of $1220.00 and the cost of the action and interest on said judgment at the rate of 8 per cent per annum; that on April 26, 1928, there was paid on said judgment $509.17, leaving a balance due of $985.66; that on January 3, 1931, execution was issued on said judgment to the coroner of Lake county and was by him returned on January 21, 1931, unsatisfied; that on March 28, 1931, Alexander Cassell, the judgment plaintiff, filed in the Newton circuit court his affidavit under and by virtue of §889, Burns Ann. St., 1926, Acts 1905, p. 204 (this section and seq. are known as the garnishee law) and proceedings where had thereunder, proof that Roy F. Holley was the duly elected and acting sheriff of Lake county, Indiana, was made and that the salary, earnings, and wages due the sheriff of Lake county for the years 1931 and 1932 would be due and owing to said Roy F. Holley by reason of his said office; that satisfactory proof of all the facts stated in said affidavit was made, whereupon the court entered an order, directing that an execution issue against the debts, earnings, salary, wages, and income or profits of said Holley as described in the affidavit, to the auditor of said Lake county, Indiana, and to the board of commissioners of said Lake county, Indiana, and directed the same for service to the coroner of said Lake county,

Indiana, who forthwith served the same on the parties named. That the said auditor and said commisioners refused to pay or turn over to the coroner an amount not to exceed ten (10) per centum of any such debts, earnings, etc., of said sheriff or any amount whatever, and informed him that they had no money of any kind belonging to said sheriff. Whereupon said coroner returned said execution to the Newton circuit court unsatisfied.

That afterwards, the date of the filing of the same is not disclosed by the record, Alexander Cassell filed another affidavit in garnishment, under said §889, *supra,* and similar to the one filed on March 28, 1931, and in addition to the facts therein alleged, he stated, that, there was some doubt on the part of the auditor and board of commissioners of Lake county as to the jurisdiction of the Newton circuit court to invoke the garnishee law, being §889 et seq., Burns Ann. St., 1926; and that said public official should be notified to appear on April 3, 1931, to be heard as to the jurisdiction of said court, or on any other question which said officials might desire to present with reference to this proceeding. That said officials did appear by counsel and filed a demurrer to the pleading filed by said Cassell, which was argued on April 5, 1931. The court overruled the demurrer and Roy F. Holley duly excepted to said ruling. The cause was then submitted to the court who entered a finding to the effect that after hearing the evidence and being fully advised in the premises, finds that the averments of the affidavit and petition are true and that the prayer thereof should be granted. Then the court entered judgment that an execution be issued from the Newton circuit court to the coroner of Lake county, Indiana, against the salary, etc., due Roy F. Holley, Sheriff of Lake county, Indiana, or which may become due him to an amount equal

to ten per cent of said salary, wages, and earnings, etc., and the further sum of $3.00 cost, and that said execution be a continuing lien upon said salary, earnings, etc., until said judgment was fully paid and satisfied, and directed that said execution be served upon the auditor, treasurer, and board of county commissioners of Lake county, Indiana. To the entering of this order, Roy F. Holley excepted. That on the 5th day of February, 1932, the clerk of the Newton circuit court delivered to Andrew Hofman who was then the duly elected and acting coroner of Lake county a copy of said order so made as above stated to execute as above directed. That the said Andrew Hofmann failed, neglected, and refused to levy said execution and obey the mandate of said order of the Newton circuit court and on March 17, 1932, returned the same unsatisfied.

Upon this information, the Judge of the Newton circuit court ruled appellant to appear on June 10, 1932, to show cause, if any he had, why he should not be attached and punished for contempt of court. This order was duly served upon appellant, who appeared and filed answer which in substance alleged the following facts: that on or about February 1, 1932, this court ordered an execution issued to the coroner of Lake county to be served on the board of county commissioners, the auditor, and treasurer of Lake county, against the salary, earnings, and wages of one Roy F. Holley, sheriff of Lake county, Indiana; that said execution was issued from this court and delivered to Andrew Hofmann, coroner of Lake county, Indiana; that on February 23, 1932, Charles Baran, Richard Bielefield, and James Black, commissioners of Lake county, Indiana, and Roy F. Holley, as plaintiffs, caused an action to be filed in the Lake circuit court, at Crown Point, Indiana, against Andrew Hofmann, coroner of Lake county, Indiana, and William E. Whitaker,

auditor of Lake county as defendants whereby the plaintiffs sought to have the defendants restrained from levying the execution which was issed from the Newton circuit court against the wages and earnings of Roy F. Holley, and that notice of said suit was served upon the defendants. That on February 29, 1932, the date set for hearing, one Roy Cummings, an attorney, appeared in the Lake circuit court, as *amicus curiae,* and the case was duly submitted to the court, and the court entered a decree perpetually enjoining and restraining Andrew Hofmann, coroner of Lake county, and his deputies from in any way levying or seeking to levy the execution upon the County of Lake for any salaries which might be due and payable or to become due and payable to Roy F. Holley as sheriff, and that William E. Whitaker, auditor of Lake county and his deputies were perpetually enjoined from issuing a warrant or warrants to be applied upon the payment of said execution or any part of same against Roy F. Holley, or applying any sums of money to be due or to become due to any other person except Roy F. Holley.

That Andrew Hofmann, coroner of Lake county, was duly served with a copy of said order, and that pursuant to said injunction Andrew Hofmann returned the execution to the Newton circuit court. That the said Roy Cummings has been the attorney for Alexander Cassell, the plaintiff in cause No. 9052, Newton circuit court, wherein Alexander Cassell obtained a judgment against Roy F. Holley, and that the said Roy Cummings was present in court and presented arguments against the entering of the injunction above referred to, and knew that appellant was restrained from serving the execution issued by the Newton circuit court, and knew that Andrew Hofmann did not willfully disobey the order of the Newton circuit court. Wherefore he asked the court to consider the above mentioned injunction

of the Lake county circuit court sufficient reason why he did not serve the execution, and to consider the same sufficient cause why the said Andrew Hofmann should not be attached and punished for contempt of this court, and prayed that the rule against him be discharged. The court ruled that the answer filed by appellant was insufficient and adjudged appellant guilty of contempt of court and judgment was entered accordingly.

Appellant's motion for a new trial was overruled and exception taken.

The errors assigned for a reversal present the question of the sufficiency of appellant's answer, to purge him of contempt of court. The one and only question presented by this record is one of jurisdiction. Did the Lake circuit court have jurisdiction under the facts and circumstances of this case, to entertain a suit to enjoin the execution of a process issued out of the Newton circuit court? If it did the answer was sufficient. If it did not, then the judgment of the Lake circuit court was void and of no force whatever and the judgment should be affirmed.

This question was discussed and decided in the case of *Scott et al.* v. *Runner, Assignee, etc.* (1896), 146 Ind. 12, 44 N. E. 755. In that case an attempt was made in the Jasper circuit court to enjoin the sheriff of Jasper county from executing an order of sale of real estate situated in Jasper county, which order was made in an attachment proceedings in the Howard circuit court. The court said, "The first question we are confronted with is: Did the Jasper Circuit Court have jurisdiction? If it did not that will end this case." The court answered this question in the following language: "As the Howard Circuit Court had ample power to afford all the relief to which appellee was entitled without coming in conflict with any other court of

equal power, the Jasper Circuit Court had no jurisdiction."

In the case of *Indiana, etc., R. R. Co.* v. *Williams* (1864), 22 Ind. 198, it was held that no court in this state can rightfully enjoin a party from proceeding in a suit in another court of this state having equal power to grant the relief sought by the complaint on which such injunction is asked.

In the case of *Plunkett et al.* v. *Black* (1889), 117 Ind. 14, 19 N. E. 537, an attempt was made in the Montgomery circuit court to enjoin the collection of an execution· in the hands of the sheriff of Montgomery county, issued on a judgment recovered in the Parke circuit court. This court said in that case:

> "The last question we care to consider is, had the Montgomery Circuit Court jurisdiction of the subject-matter of the action? Our conclusion is that it had not.
>
> "The prayer for relief in the appellee's complaint was that the judgment of the Parke Circuit Court be annulled and the levy of the execution issued thereon enjoined.
>
> "The Parke Circuit Court was a court of equal jurisdiction to that of the Montgomery Circuit Court. The execution, the service of which the appellee sought to enjoin, was the process of that court. The rule is settled in this State, that one court can not control the execution of the orders and process of another court of equal jurisdiction."

It is also ·urged by appellant that the Lake circuit court had jurisdiction to issue the injunction in this case for the reason that the execution was based upon §889, Burns Ann. St., *supra,* and that this statute had been held unconstitutional by the Lake circuit court, and therefore the order was void. The same contention was made in the case of *Scott et al.* v. *Runner, Assignee, etc., supra,* and the court answered this contention in the following manner:

"Counsel for appellee say why not, if the judgment on which that final process is based is void? The answer is that that court has ample power to enjoin its own process without coming into conflict with the process of another court of equal power, and the presumption is that it will correctly administer the law if applied to, and if it does not, an appeal to a higher court will correct its errors and thus avoid all conflicts between courts of coordinate power. Otherwise there must be even physical conflicts between courts of equal power in the State. The Howard Circuit Court may adhere to its opinion tenaciously that it had jurisdiction and require its officer, the sheriff of Jasper county, to execute its order of sale, and the Jasper Circuit Court may be of the opinion that the Howard Circuit Court had no jurisdiction, and require its officer, the coroner of Jasper county, to execute its order to restrain and prohibit the execution of the order from the Howard Circuit Court. In such a case which order must prevail? It must depend upon a mere question of superiority of physical force.

"The law does not allow the rights of parties to be determined in that way."

The question here is not whether the judgment of the Newton circuit court can be collaterally impeached, but it is whether the process of one court can be used to enjoin the final process of another court of co-ordinate or equal jurisdiction.

Works on "Courts and Jurisdiction," §17, p. 69 states the rule thus:

"The rule is that one court of concurrent jurisdiction has no power to interfere with the judgments or decrees of other courts of the same jurisdiction. Therefore, one court of co-ordinate jurisdiction will not restrain, by injunction, proceedings previously instituted in another court. And the rule extends to the processes of the court, whether mesne or final." *Dinkla* v. *Miles* (1934), 206 Ind. 124, 188 N. E. 577.

We think it is clear from the above authorities that the Lake circuit court was without jurisdiction to hear

and determine the suit to enjoin appellant from executing the process of the Newton circuit court and that said judgment was void and of no force and effect. Appellant was bound to know this, *Cain* v. *State* (1905), 36 Ind. App. 51, 74 N. E. 1102, and should have disregarded the same. The answer of appellant was insufficient to purge him of contempt, since he was an officer of the Newton circuit court.

Judgment affirmed.