STATE EX REL. SPENCER, PROSECUTING ATTORNEY
*v.* MARION CIRCUIT COURT ET AL.
[No. 26,845. Filed April 30, 1937.]

*Herbert M. Spencer, Oscar C. Hagemier,* and *Edward H. Knight,* for appellant.

*Miller, Miller & Bredell,* for appellee.

HUGHES, J.—On March 20, 1937, the relator, Herbert M. Spencer, as prosecuting attorney of the 19th Judicial Circuit of the State of Indiana, filed a petition and application for writ of prohibition against the Marion Circuit Court of Marion County, State of Indiana, and Earl R. Cox, as sole judge of said Marion Circuit Court.

Relator alleged that on the 19th day of March, 1937, he caused to be filed in the Marion Criminal Court of Marion County, in causes No. 7943, *State of Indiana* v. *Joel A. Baker and Peter A. Cancilla* and No. 7944, *State of Indiana* v. *Joel A. Baker and Peter A. Cancilla,* a motion for a change of venue from the judge of the Marion Criminal Court of Marion County, alleging that by reason of the interest, bias and prejudice of the judge thereof, a fair and impartial trial cannot be had and further objecting to the judge of said court himself selecting a judge to try said cases or submitting a list of names from whom a judge might be selected to try the same, and requesting the clerk of the Marion Cir--

cuit Court as *ex offico* clerk of said Marion Criminal Court of Marion County, to certify the facts set forth in said verified motion to the Clerk of the Supreme Court of Indiana pursuant to law. That on the 20th day of March, 1937, Peter A. Cancilla, a defendant in the above entitled causes, filed a complaint for a restraining order and an injunction in the Marion Circuit Court, in Cause No. 52248, praying that said clerk of the Marion Circuit Court who is *ex offico* clerk of the Marion Criminal Court of Marion County, be restrained from certifying said facts of said application for said change of venue from said judge as aforesaid, and thereupon said Marion Circuit Court by said Earl R. Cox as judge thereof, did grant a temporary restraining order, restraining the said clerk from so certifying said application as aforesaid.

That relator asked that a writ of prohibition be issued against respondents, commanding and ordering them to refrain from any further proceedings in Cause No. 52248, in said Marion Circuit Court, entitled *Peter A. Cancilla* v. *Glenn B. Ralston*, Clerk of said Circuit Court, until the return of the writ and further order of the court, and asks that respondents be absolutely restrained from any further proceedings in said matter. A temporary writ of prohibition was issued to the respondents, and the respondents, on March 31, 1937, filed a return to the writ.

It is not necessary for this court to write an extended opinion in this case, as practically all of the questions are the same as the ones raised in the case of ▪ *State of Indiana ex rel. Herbert M. Spencer* v. *Frank P. Baker, as Judge of the Criminal Court of Marion County*, No. 26844, decided by this court on the 30th day of April, 1937, and the case of *State ex rel. 1625 East Washington Realty Company v. Joseph T. Markey*, No. 26,846, decided by this court on April 30,

1937. There are some questions presented in this case that were not discussed in the Baker case, *supra*. First, it is contended that Chapter 85 Acts 1937 violates section 1 of article 3 of the Consitiution of Indiana, which provides as follows:

"The powers of the Government are divided into three separate departments: the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Consitution expressly provided."

It is insisted that the Act violates said provision in that it constituted an attempt on the part of the Legislative Department of the State Government to delegate judicial powers to an Administrative officer, to wit: To the Clerk of the Supreme Court of Indiana to select a list of persons from which a judge should be named to perform special judicial functions. This court, however, has recently decided in the case of *State ex rel. O'Neill v. Pyle* (1933), 204 Ind. 509, 184 N. E. 776, that in a change of venue the court acts in a ministerial capacity and not judicially. In this case the court said (p. 514):

"In determining whether or not the action is one in which a change of venue from the county may be granted, and whether the affidavit states sufficient facts to bring it within the statute, the court is controlled by the same rules that affect a ministerial officer without discretion in the premises."

The selection of judges is not a judicial function and could not have been so considered at the time the Constitution was enacted. At that time, and now, federal judges and the judges of the older states of the union were appointed by the executive. But if it could be said to be a judicial function, the provision of the Constitution separating the powers does not apply, since, by section 10 of article 7 of the Constitution, the General As-

sembly is expressly given power to provide for the holding of courts, and it has been frequently held that this provision authorizes the Legislature to provide for the selection of special judges. The Legislature has exercised this privilege by providing at various times that special judges and judges pro tem might be appointed by ministerial county officers, by the Governor, and by the regular judge who was disqualified. But the authority of the regular judge to appoint arose out of the legislative provision that he should appoint, and not out of the fact that the selection of judges is a judicial function. We do not think that section 1, article 3, of the constitution is violated by this provision of the Act.

Another question involved in the instant case is this: What power, if any, did the Marion Circuit Court have to interfere with the Criminal Court of Marion County? The Criminal Court is a court of coordinate jurisdiction and possessing exclusive jurisdiction over criminal cases. We think the Marion Circuit Court, acting as a court of equity, had no power to interfere and restrain the power of the Criminal Court in the matter involved in the instant case. It is well settled in this state that one court cannot control the execution of the orders and process of another court of co-ordinate jurisdiction. *State ex rel Fry* v. *Superior Court* (1933), 205 Ind. 355, 186 N. E. 310; *Hoffman* v. *State* (1934), 207 Ind. 695, 194 N. E. 331; *Given* v. *Marion Superior Court* (1934), 207 Ind. 74, 191 N. E. 144.

The respondent also raises the question as to the right of the relator to file the petition for the writ of prohibition on the theory that he is not a party to the injunction suit and not a real party in interest. We think there is no merit to this proposition. It can not be denied that the State's interests were affected by the action instituted in the Marion Circuit Court, and

the relator was the representative of the State in the prosecutions pending in the Criminal Court, and he thus had the right to file the petition herein.

The temporary writ heretofore issued is made permanent.