### CARTER *v.* BULLER ET AL.

[No. 19,850. Filed June 17, 1902.]

DRAINS.—*Account of Construction Commissioner.—Costs.*—A petition was filed by a party in interest reciting that the construction commissioner of a drain, established under §5622 *et seq.* Burns 1901, was about to accept the drain as completed, which in fact was incompleted, and such proceedings were had that a trial resulted, and thereafter by agreement of the parties, three civil engineers were appointed to examine the drain and make a report thereon. The report was such that the court found that the drain was not completed, and it ordered the commissioner to complete the same according to the specifications. After completing the drain he filed his account as construction commissioner claiming credit for disbursments made in carrying on the controversy over the completion of the ditch, including court costs and attorney's fees. *Held*, that the charges were properly disallowed. *pp. 53–58.*

SAME.—*Compensation of Commissioner.—Evidence.*—No error was committed in allowing a moiety of a drain commissioner's claim in the absence of any direct evidence that he did not serve the number of days for which he claimed compensation, where the facts showed that he claimed for more days than there were secular days embraced within the time the work was constructed *pp. 58, 59.*

From Grant Circuit Court; *W. H. Carroll*, Special Judge.

In proceedings in the construction of a drain, certain items of the account of Solomon Carter, drain construction commissioner, were disallowed upon exceptions being filed thereto by B. F. Buller and others, and the former appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. A. Kersey* and *A. E. Steele,* for appellant.
*R. T. St. John* and *W. H. Charles,* for appellees.

Hadley, J.—Appellant filed his final report as constructing commissioner of a drain established under the provisions of the act of 1885, §5622. *et seq.* Burns 1901. Appellees, being interested landowners, filed exceptions to divers items claimed as credits, which exceptions were sustained to items four, five, six, seven, and eight.

The material facts are these: June 30, 1893, appellant was appointed construction commissioner, and in due time contracted the work to be performed according to plans and specifications. January 2, 1894, one Hancock, an interested party, filed in court his petition reciting that the commissioner was about to accept said ditch as completed, while in fact it was incomplete, and requested the court to appoint and send out an engineer to verify the work. January 16, 1894, upon appellant's motion, the court struck out Hancock's petition. On June 11, 1894, numerous other interested landowners filed a petition praying the court to grant an order against appellant to show cause why he did not, as commissioner, proceed to complete said drain in accordance with the plans and specifications. The order was issued, and on September 17, 1894, appellant appeared to the petition, and filed an answer thereto in two paragraphs: (1) A general denial, and (2) an argumentative denial. The completion of the drain being thus put in issue,—affirmed by appellant, and denied by the landowners,—was submitted to the court for trial. The contractor, whose duty it was to construct the drain according to the specifications, does not seem to have been made a party, or to have been brought

into the case in any way. After hearing witnesses and other evidence *pro* and *con* for four days, the case was taken under advisement, and, at a subsequent term, to wit, December 12, 1895, "in accordance with the agreement of the parties herein" (the record recites), the court appointed three disinterested civil engineers, and ordered them, upon due examination, to report to the court without unnecessary delay whether said ditch was constructed in substantial compliance with the plans and specifications, and, if they found it was not, to report specifically the particulars wherein it was incomplete. December 23, 1895, the three engineers submitted their report, to the effect that "We have carefully surveyed and examined said ditch, and find that it has not been constructed in substantial compliance with the plans and specifications thereof," and setting forth that out of the total number of 238 stakes they found at 161 the ditch was too narrow by spaces running from one-tenth of a foot to six feet and a half, and that two trees were not removed as required by the specifications. Upon this report the court found that the drain was not completed, and on April 8, 1896, ordered appellant to proceed forthwith to complete the same in accordance with the report of said three engineers. The miscellaneous costs in the above mentioned trial were $226, and the costs and charges allowed by the court to the three special engineers sent out to survey and report upon the condition of the work were $125.25. February 3, 1897, appellant, upon order of the court to report, reported the completion of the ditch in accordance with the plans and specifications and the court's last order, whereupon the landowners objected to this report upon the ground that appellant had done nothing whatever to complete the ditch since the court's order of April, 1896, and that the same was still incomplete. And, upon being required by the court, appellant answered certain interrogatories propounded by the landowners with their last objections, in substance, as follows: Since April, 1896, there has been no excavation

nor widening nor sloping of the banks of the ditch, for the reason that careful measurements were made by him (appellant) together with other persons fully competent to make such measurements, and the ditch was found to be its full width and depth as required by the plans and specifications, and that no trees had been removed, for the reason that there were no trees to remove as shown by the plans and specifications. Upon these answers the court sustained the objections to appellant's report, and the latter was again ordered to proceed forthwith to complete the ditch in accordance with the order of the court made in April, 1896. November 13, 1897, appellant again reported the completion of the ditch in accordance with the court's order of April, 1896. This report was accompanied by the verified certificate of Robert Thomas, deputy county surveyor, that the additional work required by the order of 1896 had been fully performed under his superintendence. This report was approved, and said ditch adjudged completed. Afterwards appellant filed his account as construction commissioner. Among other items for which he claims credit are the following: Item 15. Engineering done by Robert Thomas (alleged to have been for superintending additional work required), $104. Item 18. Paid Steel & Kersey, attorneys (alleged to have been for professional services in the trials over the fact of completion of the drain), $110. Item 23. Paid clerk costs (alleged to have been the miscellaneous costs accrued in the first trial of facts as to completion), $226.60. Item 25. Paid the three engineers appointed by the court to resurvey and verify the work, $129.25. Item 26. For 144 days employed by appellant in the construction of the work ($3 per day), $432.

The first four of these items were wholly disallowed, and the last disallowed for one-half of the amount. The action of the court upon these items presents the real question in the case. With respect to the first four items, they were for disbursements in carrying on the controversy that arose over

the completion of the ditch. Was appellant justifiable in maintaining the controversy? He was appointed by the court to execute its order, and nothing more nor less. He was the court's instrument to construct for the landowners, who were required to pay the cost, such a ditch as they requested and the court had ordered. He had no authority whatever to depart from the specific depths and dimensions prescribed in the report of the locating commissioners. He stood for the landowners in contracting and in superintending the work, and it was his plain duty to see that the contractor performed his agreement, and constructed the drain according to the plans and specifications, which formed the basis of the contract. In short, his relation to the enterprise was such as would not permit him, at the expense of the ditch fund, to assert any fact or interest adverse to the rights of those he represented. When, therefore, the landowners made plausible complaint that the ditch was not so constructed, appellant, before acceptance, should have had the same examined and reported upon by a competent and disinterested engineer, or taken such other steps as would have reliably proved the true state of the work. Appellant, however, without the slightest effort (appearing from the record) to test the work, or to inquire into the grounds for complaint as he should have done, took up the battle of the contractor against the complaining landowners, went into court, joined issue with the complainants, and challenged them to prove that the ditch was not completed according to the specifications. Appellant's attitude drove the landowners into a choice between two alternatives. They could assent to the acceptance of the incompleted ditch, and thus be content with less than they had paid for, or undertake to establish its incompleteness before the court. The contest thus provoked was between the complainants and appellant as an individual. As a trustee for the landowners he could not employ the trust funds in maintaining, on behalf of a stranger, a right adverse to the beneficiaries of

the fund. In thus assuming to act as a volunteer for the contractor he subjected himself to the usual rule for the taxation of costs.

The obstinacy of appellant is unaccountable. It appears that ten months after the court had adjudged the ditch incomplete, and had ordered him to proceed without unnecessary delay to complete it in accordance with the report of the three special engineers, appellant, upon order of the court to show cause, reported that the drain was completed in accordance with the order and plans and specifications, and, at the same time, in his answer to interrogatories, admitted that no work had been done on the ditch since the court's order, for the reason that upon a careful examination by himself and others it was found that the ditch already met all the requirements of the plans and specifications. And, furthermore, upon the court's peremptory rule to proceed forthwith to comply with the order of the court, he, upon his own motion, and without the advice or approval of the court, employed the county surveyor to take charge and superintendence of the additional work required, and paid him therefor $104, being $4 per day for twenty-six days' work.

Appellant had no authority under the law (§5626 Burns 1901) to pay any of the items in controversy here until the claim therefor had first been presented to and allowed by the court. His failure first to procure the approval of the court left the propriety of the payment an open question to be decided when credit therefor was claimed.

As to item fifteen, being for amount paid the county surveyor for services in superintending additional work required, the expenditure can only be justified upon the ground that that amount of skilled labor was reasonably necessary to the proper execution of the work. Whether or not it was necessary was a question of fact to be determined from the evidence, and, the court having found against the

allowance, we must presume that the surveyor's services, in that particular, were uncalled for.

- The court was clearly right in disallowing items eighteen, twenty-three, and twenty-five. Whatever sums appellant paid to attorneys, or expended as costs, or caused others to expend in his strange effort to prevent the landowners from enforcing a proper construction of the drain, were not chargeable against the ditch assessments. The allowance of the claim for costs is urged for the reason that no judgment for costs was rendered against appellant. It is a sufficient answer to say, neither was there a judgment for costs rendered against the drainage fund. The costs were simply taxed in the proceeding by the clerk, without judgment against any one, and were paid by appellant, without any action of the court authorizing him to do so.

It is also insisted that item twenty-five, being for amount paid the three special engineers appointed by the court, should have been allowed, because the engineers were appointed by the court, and their claims approved before payment. This prior approval by the court does not alter the case in this instance. The claim was disallowed, not because the services were needless, nor because the amount paid was unreasonable, but because the appointment and expenditure were, by the unwarranted conduct of appellant, made necessary to enable the court correctly to determine the controversy precipitated by him. Whether the parties did, or not, agree to the appointment is of no consequence. The court made the appointment as it had the right to do with or without an agreement. It can not be doubted that the court had power, as it has in all doubtful cases, to take such reasonable steps as will bring accessible, trustworthy evidence before it, and adjudge the cost thereof as an incident of the trial.

With respect to item twenty-six, it is contended that the court erred in reducing appellant's service claim from 144 to seventy-two days; the argument being that since all the

Carter *v.* Buller.

evidence given touching said service was submitted by appellant in person, and which was all direct and positive, that he actually rendered 144 days of necessary service in the construction of the ditch, the court had no legal right, under the evidence, to make an allowance for a moiety only; that the evidence established the whole claim with the same force that it established a part, and the finding was therefore arbitrary and unwarranted. We are unable to agree to this proposition. The court was not bound to accept the statements of appellant as absolutely true, though a credible witness, and uncontradicted, except by inferences arising from the facts and circumstances before the court, which attended and were associated with the facts related. Among other things, it appears that, within six months after the ditch was assigned to appellant for construction, a landowner represented to the court that he (appellant) was about to accept it from the contractor in an incomplete condition. From this we may infer—assuming that he contracted the construction at the expiration of the fourteen days' notice required by the statute—that the work was chiefly performed within 166 days. Deducting therefrom twenty-five Sundays, and we find that appellant claimed for more days' service than there were secular days employed in executing the body of the drain. It could hardly have been necessary for him to have been upon the work every day of its progress, and after making reasonable allowance for the time spent in collecting assessments, and in attending court for purposes properly connected with the duties of his office, we are unable to say that it clearly appears that the allowance made by the court was for a less amount than it should have been. We can not therefore disturb it.

There are other questions presented, relating to the admission and exclusion of evidence, that we have not considered for the reason that they are of such minor importance as would not, if erroneous, warrant a reversal of the judgment, which is plainly right upon the merits.

Judgment affirmed.