## SHAUM *v.* HARRINGTON ET AL.

[No. 21,459.   Filed March 15, 1910.]

1.  DRAINS.—*Judgment.—Conclusiveness of.*—Under §6143 Burns
    1908, Acts 1907, p. 508, §4, an order approving and confirming the
    assessments and declaring the proposed work of drainage estab-
    lished, is final and conclusive upon all over whom the court has
    jurisdiction.  p. 612.
2.  INJUNCTION.—*Void Judgment.—Equitable Defenses.—Drains.*—
    A void judgment in a drainage proceeding is subject to injunction,
    but any equitable defenses may be interposed in such suit for in-
    junction.  p. 612.
3.  DRAINS.—*Judgments.—Relief from.—Excusable Neglect.*—Sec-
    tion 405 Burns 1908, §396 R. S. 1881, providing that the court
    may relieve parties from orders and judgments taken against
    them through mistake or excusable neglect, has no application to
    a drainage proceeding.  p. 613.
4.  DRAINS.—*Remonstrances.— Time for Filing.— Extensions.*—
    Courts have no power to extend the statutory time for the filing
    of remonstrances in drainage cases.  p. 613.
5.  APPEAL.—*Final Judgment.—Motions to Vacate.—Drains.*—An
    order overruling a drainage remonstrator's motion to vacate a
    judgment taken in a drainage case, and for costs, is not appeal-
    able, there being no appeal taken from the judgment itself, and
    the court having no power to vacate such judgment.  p. 613.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Drainage petition by Amos Harrington and others, against which Joseph Shaum remonstrates. From a judgment for petitioners, remonstrator appeals. *Appeal dismissed.*

*Oscar Jay,* for appellant.
*Deahl & Deahl,* for appellees.

MONTGOMERY, J.—On May 6, 1908, appellees caused a petition for drainage, together with bond and notices, to be prepared, and fixed and indorsed on said petition, May 28, 1908, as the day of docketing said cause in the Elkhart Circuit Court, under the provisions of the act of March 11, 1907 (Acts 1907, p. 508, §3, §6142 Burns 1908). On the following day the petition and bond were filed in the office of the clerk of said court, and appellee Harrington posted three notices of the pendency of said petition, the date of docketing the same, and of the route of such proposed drain as described therein. The route of the drain extended across lands owned by appellant, and upon which he resided, and on May 6, 1908, previous to the filing of the petition, appellee Harrington delivered to appellant, upon his said lands, a typewritten notice of said proposed drainage, addressed to him personally, and on May 28, 1908, made and filed proof of the service of notice upon appellant, and of the posting of notices along the line of the proposed drain. The cause was subsequently docketed and referred to the drainage commissioners, who were ordered to make report on the first day of the October term of said court. The commissioners made due report as directed, in which appellant's lands were assessed as benefited, and on October 26, 1908, this report was approved, the assessments confirmed, and the proposed work declared established, and assigned to the proper commissioner for construction.

On March 16, 1909, appellant caused a special appearance to be entered, and moved to quash and set aside the notice and service thereof as to him, for the reasons, in substance,

that such notice was not issued by the clerk, was unauthorized, and was issued and served, as appeared of record, before the petition for drainage was filed in this proceeding. This motion was overruled, and on the same date appellant filed a petition in said cause, to vacate the assessments made against his lands, and that he be allowed to remonstrate against the report of the drainage commissioners, on numerous grounds, for the reason that he had no notice of the proceeding since the filing of the petition by appellees. This petition was overruled, and judgment rendered against appellant for costs, from which judgment this appeal is prosecuted.

Appellant has assigned as error the overruling of his motions to quash the notice and service thereof as to him, to vacate the assessments, and to be allowed to remonstrate for cause.

It is provided by the drainage act of 1907 (Acts 1907, p. 508, §4, §6143 Burns 1908) that "the order of the court approving and confirming the assessments, and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty days, to the approval of the court or the clerk in vacation." The order of court approving and confirming the assessments in this case was made, as before shown, on October 26, 1908, and no appeal therefrom was taken, and hence the same became and is conclusive upon all parties over whom the court acquired jurisdiction. If this order and judgment is void as to appellant for want of jurisdiction over his person, he may attack it by an equitable suit for injunction, in which adverse parties may avail themselves of equitable defenses, if any exist, but this proceeding cannot be sustained. If this cause remained upon the docket of the court below at the time appellant appeared and filed his motions, it was not for litigating purposes, but merely awaiting execution of the judgment and

the approval of the final report of the commissioners charged with the construction of the drain.   Section 405 Burns 1908, §396 R. S. 1881, empowering courts in civil cases to allow parties to file pleadings after the time allowed therefor, to relieve parties from judgments taken against them through their mistake, inadvertence, surprise or excusable neglect, and to supply any omission in proceedings, on motion or complaint, has no application to drainage proceedings.  *Hays* v. *Tippy* (1883), 91 Ind. 102.

In proceedings for the establishment of public drains, remonstrance must be filed within the time prescribed by statute, and the court has no power to extend such time.  *Smith* v. *Biesaida* (1910), 174 Ind. —,

The court had no authority to vacate its judgment upon motion such as appellant presented.  Appellant did not appeal from the final order in this cause within the time given for appeal, and such time cannot be extended by resort to motions to vacate, filed nearly four months afterwards.  As the court had no power to vacate its final order by granting appellant's said motions, its denial thereof at his costs was not an appealable judgment, and the appeal presents no question for decision.  *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510.

The appeal is dismissed.