## WALB *v.* ESHELMAN ET AL.

[No. 21,800.   Filed March 29, 1911.   Rehearing denied June 28, 1911.]

1. VENUE.—*Change of Judge.—Appointment of Special Judge.— Objections.—Special Appearance.*—Where the regular judge is disqualified and before the service on defendant is complete he appoints a special judge, and vacates the bench, defendant's objection to the taking of jurisdiction by the special judge and his motion to remand the cause to the regular judge for further action should be sustained.   p. 259.

2. VENUE.—*Statutes.—Repeal.*—The act of 1907 (Acts 1907 p. 108, §427 Burns 1908) providing for the appointment of special judges, repeals §426 Burns 1908, §415 R. S. 1881, providing for the appointment of special judges.   p. 259.

3. VENUE.—*Disqualification of Judge.—Special Judge.*—Where a regular judge is disqualified to try a case, he should vacate the bench without any motion or affidavit therefor, and appoint a special judge.   p. 260.

4. NEW TRIAL.—*Objection to Appointment of Special Judge.— Motion to Remand.*—Overruling objections to the appointment of a special judge, and overruling a motion to remand the cause to the regular judge, are grounds for a new trial.   p. 260.

5. DRAINS.— *Establishment of.— Final Judgment.— Appeal.*— A judgment establishing a drain and approving the assessments therefor, is final, though the case remains on the docket for the purpose of carrying out such judgment.   p. 260.

6. DRAINS.—*Final Judgments.—Suits to Compel Contractor to Follow Specifications.*—An order enjoining defendant from constructing a drain in violation of the specifications in his contract and taxing costs against him, made in a suit by interested landowners to compel a drainage contractor to construct the drain according to the specifications in the contract, is final; and an appeal lies therefrom.   p. 261.

7. JUDGMENT.—*Former Adjudication.—Issues.*—Whatever might have been litigated under the issues in a case is considered as adjudicated.   p. 262.

From Lagrange Circuit Court; *William J. Davis,* Special Judge.

Petition by George Spangler and others against Clyde A. Walb and others. From the order entered, said Walb appeals, George F. Eshelman and others being made appellees. *Reversed.*

*Hanan, Ewbank & Hanan, Dodge & Dodge* and *Frank J. Dunten,* for appellant.

*Anthony Deahl, Benjamin F. Deahl, Sidney K. Ganiard, Francis D. Merritt* and *William H. Duff,* for appellees.

MYERS, C. J.—A petition for drainage was filed in the Lagrange Circuit Court on August 7, 1909. Such proceedings were thereafter had that the ditch was established. The assessments therefor were confirmed May 18, 1910. A commissioner was appointed to construct the drain, and the work was let to appellant.

At the November term, 1910, one Spangler, and several other persons, through the land of one of whom the ditch remains to be constructed, filed in the Lagrange Circuit Court a verified petition, alleging that they were the owners of lands affected by the construction of the proposed drain, that the ditch was not being constructed according to the specifications, in that it was being cut from eight to sixteen feet wider than the specifications called for, with perpendicular, instead of sloping banks, as specified, and that, by reason of the wide cutting, the earth was thrown back so as to render worthless a wider strip of ground than was necessary. The court was asked to direct the commissioner to make an immediate report, showing whether said drain was being constructed according to contract, and if said report showed that it was not being so constructed, that Clyde A. Walb be cited to appear before the court, and show cause why his contract should not be canceled and all payments for work refused.

On November 28, 1910, without the direction of the court, the drainage commissioner filed a verified report in said court in the proceeding, in which he showed in detail the

manner in which the work was being done, and that the ditch was being cut much wider than the specifications, with perpendicular banks, and in other particulars not according to the specifications.

On December 7, 1910, the court entered the following order: "The regular judge being disqualified to hear this cause, by reason of consultation with parties in interest before his election, William J. Davis, a reputable attorney of the State of Indiana, is appointed special judge in said cause." The record shows that on the same day Davis took and subscribed an oath of office. It then recites: "And by agreement of all parties, the further hearing of this cause is set for Monday, December 12, 1910, at 9:30 o'clock a. m." On December 12, 1910, the commissioner of drainage filed proof of notice to the contractor Walb, reciting the fact of the filing of the petition by Spangler and others on November 22, 1910, asking that the commissioner file a report showing the condition of said work; and that he as such commissioner had filed such report, showing the condition of such work, and further showing that said Walb was not constructing said work according to the contract and the specifications; that on presentation of such report the court had fixed Monday, December 12, 1910, for hearing said report, and all matters properly connected therewith, and said Walb was notified to appear before the judge of the Lagrange Circuit Court at the courthouse in Lagrange, on said date, to answer said report, and on his failure so to do, said report was to be heard and determined in his absence. This notice was signed by the commissioner for construction by his attorneys. Service of this notice on Walb, December 9, 1910, was made by copy delivered by the sheriff, and proof of such notice was made in open court. A finding was entered December 12, 1910, that due notice had been given to the contractor.

On December 12, 1910, Walb entered a special appearance, and moved to set aside and annul the notice and pretended process theretofore presented and entered against him, and

the judgment holding the same sufficient, for the reason, (a) that the court had not acquired jurisdiction of the person of appellant, (b) that no process had issued to, nor had been served on him, and that he has not appeared, (c) that the Honorable William J. Davis, who made and entered the judgment against him was not, and had not been legally appointed, selected and qualified to act as such judge, and was without jurisdiction in the matter. This motion was overruled, and Walb excepted. He then filed a motion to remand the cause to the regular judge of the Lagrange Circuit Court for reassignment to a special judge, on the ground that the Honorable William J. Davis was not, and had not been legally selected and appointed as special judge according to law, and that he was not legally qualified to act as special judge therein. That motion was overruled, and Walb excepted. Thereupon, without a rule against or an answer by Walb, the record recites that "the hearing and trial proceeds on the report of the ditch commissioner, and objectors' petition, and pursuant to said notice to the contractor, and the commissioner of drainage Gouvernear A. Tucker is now sworn, and testifies as a witness, and adjournment is taken for the noon recess." After the convening of court after said noon recess, and pending the hearing, and after evidence was heard in said cause, contractor Clyde A. Walb filed his demurrer to the complaint of Gouvernear A. Tucker, on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and Walb excepted. He then filed a demurrer to the petition of Spangler and others, on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled and Walb excepted. He then filed an answer in general denial to the complaint of Spangler and others, and to the complaint of Tucker, Drainage Commissioner. Walb then filed a motion for a special finding of facts. The record then recites: "And the trial of this cause proceeds by the introduction of evidence, and the adjourn-

ing hour having arrived and there not being time to complete the hearing of said matter to-day, court is adjourned until to-morrow morning at 9:30 o'clock.''

The trial then proceeded on December 13, and certain parties dismissed the petition as to themselves. The court denied the request of Walb for a special finding of facts, and he excepted. The court then filed its finding of facts, judgment and order, and entered its findings, judgment and order therein as follows: "After hearing the allegations and proof, and being sufficiently advised in the premises, the court finds that Clyde A. Walb, the contractor for the construction of the ditch in question, is not and has not been constructing the same in substantial compliance with and in accordance with the specifications of said ditch, as hereinbefore adopted and ordered by the court, in this to wit: [Here follow particulars of the departure from the specifications.] It is therefore ordered and adjudged by the court that said Clyde A. Walb, contractor, be and he is hereby ordered and directed to proceed with the completion and construction of said ditch in substantial compliance with the specifications thereof as heretofore ordered by the court; and said contractor, his agents, servants and employes are hereby forbidden and enjoined from digging and excavating said ditch through the remainder of its length of a width at the top materially in excess of the width mentioned in said specifications; and he is forbidden and enjoined from digging the remainder of said ditch with perpendicular banks; and is required to leave said ditch when completed with sloping banks, as provided in said specifications, and with said roll of earth and roots and other debris removed. And the ditch commissioner, Gouvernear A. Tucker, is hereby ordered and directed to insist and see that this order of the court is substantially carried out and complied with. And it is further ordered by the court that in the event said contractor shall fail, neglect or refuse to comply with this order of the court in relation to

the construction of this ditch, said drainage commissioner, shall at once, on such neglect, failure or refusal on the part of said contractor, take the necessary steps, as provided by statute, to annul and cancel the contract heretofore entered into by him with said contractor for the construction of said ditch.'' And the record further recites that ''to which finding of facts, and judgment of court to each conclusion of law separately and severally said Walb objects and excepts. The defendant Clyde A. Walb now files his motion for a new trial.'' Such motion was overruled, and Walb excepted, and thirty days were given in which to file his bill of exceptions.

Judgment was entered as follows: ''It is further considered and adjudged by the court that the petitioners, George Spangler, et al., except the petitioners whose action was dismissed as before stated, and Gouvernear A. Tucker, the drainage commissioner herein, shall recover of and from defendant Clyde A. Walb, their costs in the sum of $————.''

An appeal was prayed, bond filed and approved, and a term-time appeal perfected.

In view of the conclusions of the court, the only errors that need be considered are those arising upon the overruling of the objections to the jurisdiction of the special judge, and the overruling of the motion to remand the cause to the regular judge.

We are confronted at the threshold of the case with a motion to dismiss the appeal on the grounds (a) that the matter is not one from which an appeal lies, (b) that it is an appeal from an order of court in a pending cause, and is not based on any interloctuory order, final judgment or decree, and (c) that the judgment is one for costs only, as to which there was no motion to modify. The position of appellant is that the order in this case is, in effect, a final judgment perpetually enjoining appellant from doing a certain thing, that it awards all that is demanded, and adjudges costs against the adverse party; that an appeal lies even from a void judgment interfering with appellant's legal

rights, and that where there is an assumption of judicial powers by one having no authority to pronounce judgment, though the judgment rendered be not final, it constitutes an interlocutory order, and that an appeal lies therefrom.

Back of these questions lies that of jurisdiction of the court to make any order in the premises. This question is based on §427 Burns 1908, Acts 1907 p. 108, which

1. provides that "whenever a change of venue is taken from the judge in any civil action, * * * or in any case where the presiding judge is disqualified from any cause to try such cause," a special judge shall be selected in the absence of agreement of the parties by the submission of the names of three competent persons by the presiding judge, each of the parties striking off one name, the remaining person, or one of the remaining persons, being appointed. This was not done, but a former statute was followed, under which the regular judge, after setting out his disqualification, appointed a special judge, and he assumed jurisdiction. At the time of the appointment in this case appellant had not been brought into the proceeding as an adverse party, and could not be bound by that action. He had the right to be heard upon that question when he was brought in. The record discloses that after he was brought in, and before any further proceedings were had, he entered a special appearance, and objected to the appointment of such special judge, and moved to remand the cause to the regular judge. This was clearly within his rights, and was the proper practice, for as the method of appointment of special judges is

2. provided by a mandatory statute, it must, upon the objection of a party in interest, be followed. Section 426 Burns 1908, §415 R. S. 1881, was repealed by the act of 1907 (Acts 1907 p. 108, §427 Burns 1908). The two acts are inconsistent, and the latter covers the entire subject, and must control, unless it should be as to the power to change the venue under the former section, and except as to proceedings for divorce. It was error to overrule either the ob-

jection to jurisdiction or the motion to remand. *Cargar* v. *Fee* (1895), 140 Ind. 572; *Cargar* v. *Fee* (1889), 119 Ind. 536.

Whenever a judge becomes cognizant in any manner that he has acted as counsel in a cause pending before him, he should decline to try the cause, and in such case it is
3. not necessary that an affidavit for a change of judge should be filed. *Joyce* v. *Whitney* (1877), 57 Ind. 550; *Smith* v. *Amiss* (1903), 30 Ind. App. 530.

Overruling the objection made to the manner of appointing the special judge, and overruling the motion to remand the cause to the regular judge are directly presented
4. as causes for a new trial. *Sidener* v. *Davis* (1882), 87 Ind. 342; *Bane* v. *Ward* (1881), 77 Ind. 153; *Indianapolis St. R. Co.* v. *Seerley* (1905), 35 Ind. App. 467; *Bogue* v. *Murphy* (1902), 29 Ind. App. 292; *Citizens St. R. Co.* v. *Shepherd* (1902), 29 Ind. App. 412.

Whether these errors are available, is another question. It is settled in this jurisdiction that the order approving the assessments and establishing a drain is the final judg-
5. ment in the case. *Shaum* v. *Harrington* (1910), 173 Ind. 610; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204; *Hoefgen* v. *Harness* (1897), 148 Ind. 224; *Perkins* v. *Hayward* (1892), 132 Ind. 95.

The case remains on the docket for the purpose of executing the judgment. *Mak-Saw-Ba Club* v. *Coffin, supra; Shaum* v. *Harrington, supra; Perkins* v. *Hayward, supra; Carter* v. *Buller* (1902), 159 Ind. 52; *Studabaker* v. *Studabaker* (1899), 152 Ind. 89.

Many attempts have been made to define and to distinguish between final judgments and interlocutory orders, and it may safely be said that no hard and fast rule can be laid down, further than that final judgments are those which finally dispose of the subject-matter as to all parties, so far as the court before which the proceeding is pending has

power to dispose of it. *Starkey* v. *Starkey* (1906), 166 Ind. 140, and cases cited.

It has been held in this State that an order to an administrator to pay money into court in connection with filing a current report is a final judgment. *Covey* v. *Neff* (1878), 63 Ind. 391.

An order with respect to taxing costs upon motion to retax costs is a final judgment. *Hill* v. *Shannon* (1879), 68 Ind. 470.

The order in this case, so far as it directs the construction of the drain, in accordance with the specifications, goes no further and is not different from the judgment approving the report and confirming the assessments, for that judgment necessarily decreed that the work should be done in accordance with the specifications. As to that matter the proceeding is summary, and the order is one to carry out the judgment, and is in that respect interlocutory. But the judgment goes further, and, within the issue tendered by the petition to show cause why the contract should not be canceled, it enjoins the further construction of the drain materially in excess of the specified width, and forbids its construction with perpendicular banks, requires it to be completed with sloping banks, and orders that "in the event said contractor shall fail, neglect or refuse to comply with the order of the court, * * * said drainage commissioner shall at once take the necessary steps, as provided by statute, to annul and cancel the contract." While the statute (§6144 Burns 1908, Acts 1907 p. 508, §5) provides that on failure or refusal of a contractor to complete the work "within the time limited, or in the manner specified," the person charged with the construction of such work may annul such contract, we think that this cannot be done arbitrarily, and *sua sponte,* and can only be done upon notice and a hearing. The effect of the finding and judgment in this case is an adjudication of all the questions which could in all likelihood arise upon an application for

annulment. It can scarcely be questioned that upon an adjudication of the question of annulment, an appeal by either party would lie. The direct issue is tendered by the petition and the report of the commissioner, which the contractor is called upon to meet, and to show whether the work is being done "in the manner specified." This is one of the specific statutory grounds for annulment. This issue was broad enough to authorize a judgment of annulment, and the finding and judgment is certainly that the ditch is not being constructed "in the manner specified."

This being true, if this were an application for annulment such question would have been adjudicated in this proceeding. It is not sufficient to say that the order directs that upon certain contingencies the commissioner shall take steps for annulment, and for that reason the whole question is open, for the order had decreed the existence of the facts authorizing annulment, and the existence or nonexistence of those facts was the subject of the controversy here, and might have been followed by an order of annulment. It is settled that a matter is adjudicated when 7. it might have been litigated under the issues as formed. *Gutheil* v. *Goodrich* (1903), 160 Ind. 92; *Maynard* v. *Waidlich* (1901), 156 Ind. 562; *Bruce* v. *Osgood* (1900), 154 Ind. 375; *Thomas* v. *Thompson* (1898), 149 Ind. 391; *Moore* v. *Horner* (1896), 146 Ind. 287; *Zimmerman* v. *Savage* (1896), 145 Ind. 124; *Parker* v. *Obenchain* (1895), 140 Ind. 211; *Stanton* v. *Kenrick* (1893), 135 Ind. 382; *Gilmore* v. *McClure* (1893), 133 Ind. 571; *Ashmead* v. *Hurt* (1890), 125 Ind. 566; *Howe* v. *Lewis* (1889), 121 Ind. 110; *Wilson* v. *Buell* (1889), 117 Ind. 315; *Kurtz* v. *Carr* (1886), 105 Ind. 574; *Elwood* v. *Beymer* (1885), 100 Ind. 504.

The fact that there was no formal judgment of annulment is immaterial. The force and effect of the findings as made would have justified an order of annulment, and is, in effect, an order justifying annulment, not in carrying out the original judgment, but because it is not being carried out, and

directly affecting both the petitioners and the contractor in their substantial rights, and if that order had been made there could be no question that it would have been a final judgment. The status is not changed by the form of the judgment.

The motion to dismiss the appeal must be denied, and by reason of the error in overruling the objection to the jurisdiction of the trial judge, and overruling the motion to remand the cause to the regular judge, the judgment in this case must be reversed, with instructions to the court below to remand the cause to the regular judge of the Lagrange Circuit Court, and for further proceedings in accordance with this opinion.