## BOARD OF COMMISSIONERS OF LAPORTE COUNTY ET AL. *v.* SUMMY ET AL.

[No. 24,146. Filed October 5, 1923.]

1. DRAINS.—*Jurisdiction.—Circuit or Superior Court.—Statute.* —In counties having both a circuit and superior court, such courts have concurrent jurisdiction in drainage proceedings; that is, a drainage petition may be filed in either court. p. 460.

2. COURTS.—*Orders and Decrees.—Not Subject to Modification by Another Court.*—The orders and .decrees of one court are not subject to change or modification by any other tribunal of equal or concurrent jurisdiction. p. 460.

3. DRAINS.—*Order Establishing and Ordering Construction.— Final.—Statute.*—An order establishing a drain and ordering it constructed is declared to be final as to all parties over which the court has jurisdiction, except on appeal (§6143 Burns 1914, as amended Acts 1917 p. 292). p. 460.

4. DRAINS.—*Procedure.—Remains on Docket during Construction.—Subject to Orders of Court Ordering the Work.—Statute.* —The drainage law (§6147 Burns 1914) contemplates that, during the period of construction, the cause will remain on the court's docket for orders and directions only by the court controlling and directing the work. p. 460.

5. DRAINS.—*Procedure.—Work Improperly Performed.—Remedy.*—If the work of constructing a drain is not being performed according to the plans and specifications, an application should be made to the court ordering the work constructed for an order directing the construction commissioner to perform his duty according to law, and, for failure to perform that duty, the commissioner and contractor may be cited for contempt at any time before the approval of the commissioner's final report. p. 460.

6. DRAINS.—*Jurisdiction of Courts.—Modification of Orders by Another Court.*—A superior court has no jurisdiction to modify the orders of the circuit court establishing a drain according to certain plans and specifications, or to enjoin the execution of its order establishing the drain, and thus prevent the destruction of certain highway bridges along the line of the drain, when the construction thereof according to such plans would require their removal, as this would result in conflicts between the courts and subject the adverse parties to punishment for contempt in failing to obey the orders of the court directing them (*Shaum* v. *Harrington*, 173 Ind. 610, distinguished). p. 461.

From Laporte Superior Court; *Harry L. Crumpacker*, Judge.

Action by the Board of Commissioners of Laporte County and others against Paul Summy and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Lee L. Osborn*, *Ralph N. Smith* and *Ben C. Rees*, for appellant.

*Andrew J. Hickey*, *Norman F. Wolfe* and *John B. Dilworth*, for appellees.

MYERS, J.—Appellants brought this suit against appellees in the La Porte Superior Court to enjoin them from tearing down, removing and destroying certain bridges in La Porte County and certain boundary line bridges on the line between La Porte and Starke Counties over the Kankakee River. The court refused to grant a temporary injunction, and, on that action, error is predicated in this court.

The complaint was in two paragraphs, both of which were verified and were introduced in evidence. These paragraphs, together with the affidavit of one of the attorneys for appellees, was all the evidence before the court and upon which it ruled.

Appellees have advanced several reasons why the ruling of the trial court should be sustained. Of the reasons suggested, one especially, that of jurisdiction over the subject-matter involved in this suit, is exceedingly important, and is necessarily the first question for decision.

It appears that, prior to the commencement of this suit, the La Porte Circuit Court, in a drainage proceeding begun in January, 1914, by Dixon W. Place, ordered the deepening and widening between certain points of what is generally known as the Kankakee River, and appointed Howard Dunn commissioner, who was charged with having the work constructed as ordered and established. On May 19, 1921, Dunn entered into a contract with appellee Clyde A. Walb, who is actively engaged in the work of constructing the drain, and has completed a part of it. Later, Dunn resigned, and on January 11, 1922, appellee Summy was appointed construction commissioner, and for aught appearing in the record, he is proceeding to have the work done in accordance with the order of the court in that particular. The bridges in question are located and form a part of the public highways in La Porte and Starke Counties over the Kankakee River, and unless enjoined, Summy and Walb will tear down and remove these bridges, and, by the use of dredges, they will remove the earth in the channel of the Kankakee River and undermine the stone abuttments supporting each of them, to their irreparable injury, and making it impossible for the traveling public along these highways to cross the river at these various bridge crossings. It also appears that

each of these bridges cost more than $100 to build them, and would cost more than $100 each to rebuild or repair them if removed by appellees as they are proposing to do; that each of the townships in each county in which the bridges are located appeared to said proceeding and filed remonstrances.

Furthermore, it appears that neither appellant county, nor the persons constituting the board of commissioners, were parties to, nor did they in any manner or form appear to, the original or supplemental petition filed in the ditch proceeding, or to either report of the drainage commissioners, nor did either of these instruments describe property as belonging to the County of La Porte affected by such proceedings or name the county or board of commissioners as interested, nor was there any notice given or served on appellants of the filing of the petition or of either report of the drainage commissioners, nor did the board consent to the judgment establishing the ditch. Moreover, there is no record of the original petition or supplemental petition, or report of the drainage commissioners in any of the records of the La Porte Circuit Court, nor is the original of either petition or either of the reports of the drainage commissioners, or copies of either of these instruments on file in the office of the clerk of the La Porte Circuit Court, nor can either of these instruments be found.

We shall not stop to comment on inferences which might be drawn from the facts pertaining to the lost petitions and reports of the drainage commissioners, other than to say that the allegations of the complaint in that respect are sufficient to excuse the complainants from making the petitions and reports a part of the complaint.

The La Porte Circuit Court and the La Porte Superior Court have concurrent jurisdiction in drainage pro-

ceedings; that is to say, the Place petition might
have been legally filed in either court. §6142
Burns 1914, Acts 1907 p. 508; §1527 Burns 1914,
Acts 1907 p. 170; *Swartz* v. *Board, etc.* (1902), 158
Ind. 141.    However, the petition was filed and the pro-
ceedings thereon were had in the circuit court, and no
one questions the jurisdiction of that court over the
subject-matter.    Hence, its orders and directions
therein were not subject to change or modification by
any other tribunal of equal or concurrent jurisdiction.
*Coleman* v. *Callon* (1916), 184 Ind. 204, 206; 12 Ency.
Pl. and Pr. 151.    Moreover, its order establishing the
drain and ordering it constructed, except on appeal,
was final as to the parties over which it had jurisdiction.
§6143 Burns 1914, Acts 1907 p. 508, as amended Acts
1917 p. 292; *Pleasant Tp.* v. *Cook* (1903), 160 Ind. 533;
*Shaum* v. *Harrington* (1910), 173 Ind. 610.

Section 6147 Burns 1914, Acts 1907 p. 508, expressly
provides that the drainage commissioner "shall at all
times be under the control and direction of the
court, and shall obey such directions; and for
failure so to do shall forfeit his compensation
and be dealt with summarily as for contempt, and may
also be removed from office by the court."    Thus it will
be observed that our drainage laws contemplate that
during the period of construction the cause will remain
on the court's docket for orders only by the court con-
trolling and directing the work. *Murray* v. *Gault*
(1913), 179 Ind. 658, 666.

The plans and specifications for the drain, as adopted
and approved by the La Porte Circuit Court, fixed the
responsibility of the construction commissioner.    From
anything shown in the case at bar, appellees are pro-
ceeding with the work of construction in all respects
according to the approved plans and specifications.
However, if the fact should be that the work was not

being thus performed, the procedure proposed by statute (§6147 Burns 1914, *supra*) requires that an application be made to the court making the order alleged to be violated. *Racer* v. *State, etc.* (1892), 131 Ind. 393, 407; *Pittsburgh, etc., R. Co.* v. *Williamson* (1919), 74 Ind. App. 106.

This court has held that any party to a ditch proceeding has the right to assume that the work will be finished in substantial compliance with the order of the court, and, for failure to perform that duty, the commissioner and contractor may be cited at any time before the approval of the commissioner's final report. *Racer* v. *Wingate* (1894), 138 Ind. 114, 120, 36 N. E. 538.

But it is said that neither the county nor the board of commissioners was in any manner or form a party to the drainage proceedings, nor consented to the

6.  judgment, and therefore not bound by the court's order or judgment made therein. True, if the court failed to acquire jurisdiction over appellants, county or board of commissioners, any judgment it might enter would have no binding force on them, or as said in *Shaum* v. *Harrington, supra,* "If this order and judgment is void as to appellant for want of jurisdiction over his person, he may attack it by an equitable suit for injunction, in which adverse parties may avail themselves of equitable defenses, if any exist." While the language last quoted would seem to support appellants' contention, yet we must not overlook the fact that this remedy, if allowed, must necessarily affect a valid and enforcible order and judgment over all of whom the circuit court acquired jurisdiction, for it must be admitted that it had jurisdiction over the subject-matter—to complete the construction of the drain—necessarily involved in this suit. *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 581.

The instant case is readily distinguishable from the case of *Shaum* v. *Harrington, supra,* wherein Shaum, in the court in which the original ditch proceeding was commenced and then pending, sought to vacate the assessments against his lands. In that case, the question of conflict of jurisdiction was not present.

Conceding that the bridges over the drains and watercourses are a part of the State's highway system, and that the several counties in which they are located are charged specially by the sovereign power with certain specific duties in the expenditure of public moneys with reference to the building of bridges, as also their care and safety for public use (§7691 Burns 1914, Acts 1905 p. 521; §§7648u2, 7648w2 Burns' Supp. 1921, Acts 1920 p. 124), and that the facts disclosed by the record are sufficient to warrant the conclusion that appellants have rights which will be injuriously affected by the circuit court's order, (*Karr* v. *Board, etc., supra,* p. 578; Acts 1913 p. 162, §7693 Burns 1914; Acts 1919 p. 531, §2. This latter section was repealed by Acts 1920 [Spec. Sess.] p. 124, §19, but §18 of the 1920 act [§764813 Burns' Supp. 1921, Acts 1920 (Spec. Sess.) 124] provides that this act shall not affect pending litigation) still they would not justify the superior court in assuming jurisdiction to correct or modify orders of the circuit court, which has ample power to grant the relief appellants are seeking and thus obviate any conflict likely to arise from a double supervision over those charged by an order of court with the performance of a specific duty. *Scott* v. *Runner, Assignee* (1896), 146 Ind. 12, 58 Am. St. 345. It seems to us that the effect of the injunction prayed for in the case at bar would tend to control, if not prohibit, appellees from executing the order of the circuit court to which they must conform and obey if they would avoid possible punishment for contempt. On the other

hand, these same appellees might be in contempt for failing to obey an order of injunction by the superior court over the same subject-matter. The law does not permit the rights of parties to be thus determined. *Scott* v. *Runner, Assignee, supra.*

As we are at present advised, we must adhere to the rule which forbids apparent conflict of action between courts of concurrent jurisdiction. This conclusion justifies the ruling of the La Porte Superior Court in refusing to take cognizance of matters over which the subject-matter, at least, was then clearly in the La Porte Circuit Court.

Judgment affirmed.

Townsend, J., absent.