STATE EX REL. KUNKEL ET AL. *v*. CIRCUIT COURT OF
LA PORTE COUNTY.
[No. 26,647. Filed March 24, 1936.]

*Philip Lutz, Jr.,* Attorney-General, *J. Edward Barce,* Assistant Attorney-General, and *Thomas F. O'Mara,* for appellant.

*Darrow, Rowley & Shields* and *K. D. Osborn,* for appellees.

FANSLER, J.—This is an original action in which an order is sought prohibiting the respondents from proceeding with a habeas corpus proceeding where it appears that the petitioner is held upon a commitment executing the judgment of a court of general criminal jurisdiction.

Whether the Laporte circuit court may, upon the petition of any or all of the prisoners committed to the Indiana State Prison, review the proceedings of any or all of the other courts of like jurisdiction within the state, and discharge any prisoner if it is determined that he did not have a fair and lawful trial, is the only question presented for decision.

It has been repeatedly announced by decisions of this court from the earliest date that persons convicted and sentenced by courts having jurisdiction of the crime

involved cannot be discharged in habeas corpus proceedings. *Stephenson* v. *State* (1933), 205 Ind. 141, 179 N. E. 633, and cases cited. This is the common-law rule, and was the rule in federal courts until the practice was modified by act of Congress.

The statutory federal rule of procedure does not control the courts of the states. The Fourteenth Amendment to the Constitution of the United States only requires that the state provide some procedure by which a conviction obtained by unfair or unlawful methods may be reviewed. *Mooney* v. *Holohan, Warden, etc.* (1935), 294 U. S. 103, 79 L. Ed. 791. In this state a motion for a new trial or petition for writ of error *coram nobis* are available as a remedy in such cases, with the right of review by this court for error.

Section 3-1918, Burns' Ann. St. 1933, section 1033, Baldwin's 1934, provides that: "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . Second. Upon any process issued on any final judgment of a court of competent jurisdiction." This statute is but declaratory of the common law. *Gillie, Sheriff* v. *Fleming* (1922), 191 Ind. 444, 133 N. E. 737.

Respondents' counsel, in oral argument, concedes the above to be the rule, but contends that the rule should be changed, and that the Laporte circuit court should be held to have jurisdiction to investigate and pass upon the conduct of the trial in the Hamilton circuit court (or any other court in which a prisoner is convicted), and, in the event it determines a fair trial was not had, power to declare that the Hamilton circuit court thereupon lost jurisdiction of the case, in which event the prisoner would be discharged.

The question cannot be regarded as an open one, but, if it were, reason and authority, to say nothing of the statute, would require us to adopt the rule as it now exists. It appears from the petition for habeas corpus that the petitioner was charged with murder, entered a plea of not guilty, was tried, convicted, and committed upon the judgment of the Hamilton circuit court; that there was an appeal from the judgment of conviction, and that it was affirmed in this court. It is alleged that he is entitled to his liberty, first, because the change of venue from Marion county to Hamilton county was not properly perfected; and, second, that by a corrupt conspiracy, involving court officers, jurors, witnesses, and his own counsel, he was prevented from having a fair trial, and due process of law was denied him. But if these facts were established by proof, they would only entitle him to a new trial, and not to be discharged from custody. Jurisdiction to grant the new trial, if such facts can be established, lies in the Hamilton circuit court, and the Hamilton circuit court has the right and power to hold the prisoner until he has had another trial, and the respondent court has no jurisdiction to grant a new trial of a case that was tried in the Hamilton circuit court. Any other rule would lead to intolerable conflicts of jurisdiction and the destruction of the orderly processes by which justice is administered. The allegations in the petition show that the petitioner appealed from the decision of the Hamilton circuit court to this court, and that the judgment was affirmed, and the opinion of this court shows that the question involving the change of venue from Marion county was presented to the Hamilton circuit court, and to this court on appeal, and that the Hamilton circuit court was held to have had jurisdiction. When a person is tried for a felony and convicted, and there is a judgment of guilty which is exe-

cuted by commitment to the state prison, that judgment is a bar to a further prosecution for the offense. In the case of many prisoners there is a motion for a new trial, and an appeal to this court in which the judgment is affirmed. It is unthinkable that in such cases the Laporte circuit court may sit in judgment and examine into the conditions under which the case was tried, and the conduct and rulings of the trial court, and determine whether in its judgment a fair trial was had, and discharge the prisoner in case it determines a fair trial was not had, when, at most, under the unquestioned rules of law, he was entitled only to a new trial. Such a procedure would deprive the state of the right to try the defendant again. Even in cases where the defendant had moved for a new trial in the court where he was tried, and a new trial had been denied, and the ruling affirmed upon appeal, such a procedure would vest the Laporte circuit court with jurisdiction to pass upon the same questions which had been presented by the motion for a new trial and passed upon by the trial court and by this court, and to discharge the prisoner if it disagreed with the court in which he was tried and with this court upon the question of whether or not a fair trial had been had. Facts entitling a defendant to a new trial may not be available within the time in which a motion for a new trial may be filed, but such facts may be presented only by petition for a writ of error *coram nobis*, exclusive jurisdiction to entertain which is in the court rendering judgment, with the right to appeal to this court for review, and there can be no jurisdiction in the Laporte circuit court to review and overrule the decision of the trial court and of this court upon any question which is thus presented. Nor has the defendant the option to present matter which would entitle him to a new trial upon petition

for writ of error *coram nobis* to the Laporte circuit court in a petition for a writ of habeas corpus.

It is expressly alleged in the petition for habeas corpus that there have been five previous applications for habeas corpus. Two were in the federal court, and the writ was denied. The first in the state courts was filed in the Laporte superior court, where relief was denied, and on appeal to this court the judgment was affirmed. *Stephenson* v. *Daly* (1928), 200 Ind. 196, 158 N. E. 289. Every question here presented was decided in this latter case, except the question of whether a writ of prohibition will lie to prevent further action in a habeas corpus proceeding after it appears that the prisoner has been tried and convicted and committed by a court of competent jurisdiction.

Temporary writs of prohibition were issued by this court prohibiting the trial courts from proceeding with the other two petitions for writs of habeas corpus. But the petitions were dismissed, and there was no final decision of this court as to whether the writ of prohibition will lie.

If the respondent court was without jurisdiction to proceed, the writ will lie; otherwise not.

In *Wright* v. *State* (1855), 7 Ind. 324, 326, this court had under consideration a petition for a writ of habeas corpus filed as an original action. It was held that the prisoner, having been tried in the Johnson circuit court, and a verdict returned which was the equivalent of an acquittal, was entitled to be discharged, but that, since there was no release of the prisoner by any judgment of that court, he must still be regarded as in custody under the indictment; that, when such a state of facts is made to appear upon a petition for a writ of habeas corpus, even this court, a court of superior jurisdiction, has no power to discharge the prisoner. It

is said (p. 326) : "While the case is still pending in the *Johnson* Circuit Court, we have no jurisdiction. 2 R. S. 195-6. The prisoner is clearly entitled to his discharge; but the motion to that effect should be made in the Court where the indictment is pending." In the case of *Wright* v. *State* (1854), 5 Ind. 290, 294, 296 (not the same appellant as in the case last above cited), it was held that, notwithstanding the discharge of a jury by the Elkhart circuit court entitled the petitioner to be discharged from custody, since it was the equivalent of an acquittal, the court of common pleas properly remanded the prisoner to the circuit court after having issued a writ, upon having been advised of the facts. It is said in the opinion (p. 296) : "The judge of the Court of Common Pleas was compelled by statute, upon the petition, to award the writ, but upon the return of the facts above set forth, it was his duty to remand the prisoner to the Circuit Court. He has done so. That Court has still jurisdiction over the prisoner, and may discharge him on motion, or he may plead the discharge of the jury in bar to a second trial." In the course of the opinion, after discussing the common-law right to a writ, it is said (p. 294) : "Although it is the privilege of every one who may conceive himself illegally detained in custody, to demand this writ as a matter of right, it by no means follows that the Court or judge before whom the cause may be brought, can in all cases investigate the merits of the detention; . . ." In *Wentworth et al.* v. *Alexander* (1879), 66 Ind. 39, both cases of *Wright* v. *State* are quoted with approval. It was held that, although the petitioners were entitled to be discharged from the commitment under the indictment, the circuit court had no power to discharge them under a writ of habeas corpus, and "power" was treated by the writer of the opinion as the equivalent of jurisdiction. In *Lowery* v. *Howard* (1885), 103 Ind. 440, 442, 3 N.

E. 124, there was an appeal from an order of the judge of the Clark circuit court in which he held that, where the petitioner was held in custody by virtue of a final judgment of a court of competent jurisdiction, he had no power to inquire into the legality of such judgment. In sustaining him, and affirming the judgment, the court held that the judgment was erroneous, but that "a judgment or sentence can not be assailed on habeas corpus, if it is merely erroneous," which language seems to be equivalent to saying that the authority to hold the prisoner cannot be inquired into where he is held pursuant to a judgment of a court having jurisdiction to render the judgment; and if it cannot be inquired into, then the court has no jurisdiction to conduct a hearing or to try the issue once it appears that the petitioner is so held. In *Shideler* v. *Vrljich* (1925), 195 Ind. 563, 567, 145 N. E. 881, the court said: ". . . And the question arises whether the Clark Circuit Court had any power to proceed further after it was made to appear that the petitioner was held in custody under final process issued out of another circuit court, of co-ordinate jurisdiction, pursuant to a judgment or order of that court in which it had jurisdiction of the subject-matter and of the person. This question must be answered in the negative." It will be noted that in these cases it is not said that to discharge the prisoner would be erroneous under such circumstances. It is held that there is no power to proceed with the hearing, which must mean that there is no jurisdiction to proceed.

After declaring that our statute regulating jurisdiction in habeas corpus proceedings is merely declaratory of the common law, this court said in the case of *Gillie, Sheriff* v. *Fleming, supra,* page 457, that: ". . . when it was made to appear to the superior court that appellee was in the custody of the sheriff under an order of commitment by the circuit court, pursuant to an affida-

vit filed in that court charging him with wilful disobedience of an injunction issued in a case pending in that court in which he had been served with process as a party, the superior court had no jurisdiction to inquire whether the circuit court ought to have issued the order. Having jurisdiction of the subject-matter and of appellee the circuit court had power to decide all intermediate questions presented to it, and to make an order binding on the appellee, however erroneous it might be, unless and until it should be set aside on proper application in a direct proceeding for that purpose, by the court which made it, or should be reversed on appeal. And the facts on which the order was based could not be inquired into by a court of co-ordinate jurisdiction, nor collaterally in a different action." The same reasoning applies to jurisdiction in any case where a prisoner is held upon a writ of a court of competent jurisdiction. No jurisdiction lies to disturb the custody in any court except the court from which the writ issued, or this court upon appeal.

In *Goodman* v. *Daly, Warden* (1929), 201 Ind. 332, 335, 165 N. E. 906, this court said: "In *Shideler* v. *Vrljich, supra,* it is held that one circuit court has no jurisdiction to issue a writ of *habeas corpus* and set aside an order of commitment issued by another court having jurisdiction of the subject-matter and of the person. No circuit court has supervisory power over the orders of another, and it cannot be used by one court to correct the errors of another of equal jurisdiction."

In the *Case of the Sheriff of Middlesex* (1840), 11 Ad. & Ell. 273, 295, it is said: "On this point it is sufficient to cite the judgment of De Grey, C. J., in *Brass Crosby's Case* (a), which is referred to with approbation by Lord Ellenborough in *Burdett* v. *Abbot* (b). 'When the House of Commons adjudge anything to be a contempt, or a breach of privilege, their adjudication

is a conviction, and their commitment in consequence, is execution; and no court can discharge or bail a person that is in execution by the judgment of any other court' (c)." The power to enforce the execution of its judgment by commitment is essential to the exercise of jurisdiction, and a court will not be deprived of this essential right by habeas corpus. *Ex Parte State ex rel. Attorney General* (1907), 150 Ala. 489, 43 So. 490. In *Plunkett et al.* v. *Black* (1889), 117 Ind. 14, 18, 19 N. E. 537, it was held that one circuit court had no jurisdiction to enjoin the process of another circuit court, and that: "The rule is settled in this State, that one court cannot control the execution of the orders and process of another court of equal jurisdiction."

The case of *Dinkla* v. *Miles* (1934), 206 Ind. 124, 128, 129, 188 N. E. 577, was an appeal from a judgment quashing a writ of habeas corpus. The court said:

"The Madison Circuit Court, it is true, has jurisdiction to issue writs of habeas corpus, and it sufficiently appears from the complaint herein that it had jurisdiction of the person of appellant. Notwithstanding these jurisdictional facts, its power to grant the relief prayed depended upon the showing of a want of authority by which appellee restrained appellant of his liberty. Instead of a showing of such want of authority, his complaint is to the contrary, in that it appears that the alleged restraint is by virtue of an apparently valid judgment. Moreover, we judicially know that the Madison Circuit Court and the Hendricks Circuit Court are courts of co-ordinate jurisdiction, and that neither of these courts has appellate power to review or correct the errors of the other. *Goodman* v. *Daly* (1929), 201 Ind. 332, 335, 165 N. E. 906; *Shideler* v. *Vrljich* (1924), 195 Ind. 563, 145 N. E. 881; *Gillie* v. *Fleming* (1921),

191 Ind. 444, 133 N. E. 737; *Baker* v. *Krietenstein* (1916), 185 Ind. 693, 114 N. E. 445.

"But it may be said, as appellant here contends, that the extraneous facts alleged in the complaint in the Madison Circuit Court show that the judgment and process issued by the Hendricks Circuit Court was void. A similar question was before this court in *Scott* v. *Runner, Assignee* (1896), 146 Ind. 12, 44 N. E. 755, wherein, quoting from *Plunkett* v. *Black* (1888), 117 Ind. 14, 19 N. E. 537, it is said: 'The rule is settled in this State, that one court cannot control the execution of the orders and process of another court of equal jurisdiction,' and that the court rendering the judgment or issuing the process (p. 14) 'has ample power to enjoin its own process without coming into conflict with the process of another court of equal power, and the presumption is that it will correctly administer the law if applied to, and if it does not, an appeal to a higher court will correct its errors and thus avoid all conflicts between courts of co-ordinate power.' See also, *Board* v. *Summy* (1923), 193 Ind. 456, 462, 140 N. E. 913; *Baker* v. *Krietenstein, supra.*" See, also, *Scott et al.* v. *Runner, Assignee, supra,* and *Hofmann* v. *State* (1935), 207 Ind. 695, 194 N. E. 331.

It is clear from these authorities that there is no *jurisdiction* to proceed under such circumstances. The cases from other jurisdictions hereafter cited, supporting the view that a writ of prohibition will issue in such a case as this, are necessarily to the same effect upon the question of jurisdiction.

The statute authorizes this court to issue writs of prohibition to confine inferior courts to their lawful jurisdiction. Section 3-2201, Burns' Ann. St. 1933, section 1090, Baldwin's 1934. The purpose of the statute and of prohibition at common law is not only to protect parties from injury by the unwar-

ranted usurpation of jurisdiction, but to protect the dignity of the sovereign state by preserving the integrity of its judicial system and preventing unseemly confusion and controversy between co-ordinate courts and their officers. Jurisdiction may be said to have three aspects: Jurisdiction of the subject-matter, jurisdiction of the person, and jurisdiction of the particular case. Two courts of concurrent jurisdiction may have jurisdiction of the same class of cases, and may acquire jurisdiction of the same person, but where one of the two first acquires jurisdiction of the subject-matter and person in a particular case, the jurisdiction becomes exclusive. It was said by this court in *State ex rel. Cook* v. *Circuit Court of Madison County et al.* (1923), 193 Ind. 20, 27, 138 N. E. 762: ". . . the court having jurisdiction of the particular case in litigation, effectively segregates that case from the general class and excludes all other courts of like jurisdiction from assuming any authority in connection therewith. Proper and orderly administration of the laws compel these courts to thus observe the rights of each other, in order to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process." See *Brown* v. *Doak Company* (1922), 192 Ind. 113, 135 N. E. 343.

In *Hayne* v. *Justice's Court* (1889), 82 Cal. 284, 285, 23 Pac. 125, it is said: "A court that proceeds in the trial of a cause against an express prohibition of a statute is exceeding its jurisdiction, and may be prevented by prohibition from this court." To the same effect, see *Culver Contracting Corporation* v. *Humphrey, Supreme Court Justice* (1935), 268 N. Y. 26, 196 N. E. 627, in which it is pointed out that the fact that objections had been made and exceptions taken did not alter the situation. The respondent court is proceeding, and threatening to proceed, notwithstanding a statute which forbids

that it shall inquire into the legality of any process issued on a final judgment of a court of competent jurisdiction.

The following cases hold that a writ of prohibition will properly issue to prevent a court from proceeding under a petition for a writ of habeas corpus where it appears that the petitioner is held upon the writ of a court having jurisdiction to issue such a writ: *State ex rel. Attorney General* v. *Speake* (1914), 187 Ala. 426, 65 So. 840; *State ex rel. Attorney General et al.* v. *Martineau* (1921), 149 Ark. 237, 232 S. W. 609; *Board of Prison Com'rs* v. *Crumbaugh* (1914), 161 Ky. 540, 170 S. W. 1187; *People ex rel. Miller, etc.,* v. *District Court et al.* (1905), 33 Colo. 328, 80 Pac. 888; *Ex parte State ex rel. Attorney General, supra.*

Where a proper application for change of venue is filed in a case in which a court has acquired jurisdiction, the jurisdiction is divested, and a writ of prohibition will issue to prevent the exercise of further jurisdiction. *State ex rel. O'Neill et al.* v. *Pyle et al.* (1933), 204 Ind. 509, 184 N. E. 776.

It is well settled that, as between courts of equal concurrent jurisdiction, in actions for the appointment of a receiver, that court which first acquires jurisdiction has dominion over the subject-matter, and that prohibition will lie to prevent another court from exercising jurisdiction. *Givan, Rec.,* v. *Marion Superior Court, etc., et al.* (1934), 207 Ind. 74, 191 N. E. 144, and cases cited.

In *Hofmann* v. *State, supra,* it is held that courts have no jurisdiction to interfere with the judgments, or decrees, or with the carrying out and enforcing of the executions of other courts of like jurisdiction, and that this is true, notwithstanding the law upon which the

judgment is based may be unconstitutional. The case of *Scott et al.* v. *Runner, Assignee, supra,* is quoted from with approval, on page 702, as follows: "Counsel for appellee say why not, if the judgment on which that final process is based is void? The answer is that the court has ample power to enjoin its own process without coming into conflict with the process of another court of equal power, and the presumption is that it will correctly administer the law if applied to, and if it does not, an appeal to a higher court will correct its errors and thus avoid all conflicts between courts of co-ordinate power."

In holding in custody the prisoner who has applied for habeas corpus, the relator is merely executing the judgment of the Hamilton circuit court. The petition for habeas corpus shows on its face that the judgment is one which the Hamilton circuit court had jurisdiction to render, and that the petitioner is the identical person against whom the judgment was rendered, and the respondent court therefore has no jurisdiction to interfere with the execution of the judgment, nor to inquire into the legality of the proceedings upon which the judgment is founded. If the proceedings were erroneous or unlawful because the defendant was deprived of some constitutional right which prevented him from having a fair trial, and nothing further is alleged in the petition as a basis for habeas corpus, the remedy was or is in the Hamilton circuit court, by motion for a new trial if the facts were available during the time in which that motion might be filed, or thereafter by petition for writ of error *coram nobis.* No facts are alleged which are a proper basis for habeas corpus. The presumption is that the Hamilton circuit court will correctly administer the law if applied to, and if it does not, an appeal will lie to this court to correct its errors.

The temporary writ of prohibition heretofore issued is made permanent.